## A93A1903. VEAL v. THE STATE.
(440 SE2d 762)

COOPER, Judge.

Appellant was convicted of the offense of false report of a crime. He appeals from the judgment of conviction and sentence, enumerating as error that there was a fatal variance between the allegations set forth in the accusation and the evidence presented at trial.

Viewed in a light favorable to the prosecution, the evidence shows that appellant brought his sister, Mary Ware, and her children to a family gathering at an Atlanta park. Appellant had been drinking, and he and Mrs. Ware got into an argument. In the course of the argument, appellant said to Mrs. Ware, "If you want to go home, you take your own ass home." Mrs. Ware went to appellant's van, and finding the key in the ignition, left the park in the van. Appellant silently watched the van leave the park, walked to a public telephone and reported to the Atlanta Police that his van had been stolen. Appellant testified that he did not know who took his van but silently observed the van being driven away without asking any of his relatives if any of them had seen who took the van.

As a result of appellant's report, the van was entered into the Georgia criminal investigation computer network and was recovered by the Riverdale Police Department at Mrs. Ware's Riverdale home. The case was referred to Detective D. B. Partridge of the Atlanta Police Department Auto Theft Division for investigation. A statement was obtained from Mrs. Ware in which she indicated that she had come to the park with appellant; that appellant became intoxicated; that appellant knew that she had possession of the van because he told her to take the van and leave; that the keys were in the van; that she had previously driven the van on many occasions; and that appellant became upset because she refused to come back to the park and pick him up in his intoxicated state. Detective Partridge also interviewed appellant and testified that based on appellant's responses, he got the impression that appellant had been intoxicated, could not drive and gave Mrs. Ware permission to leave with the van. Detective Partridge concluded that appellant knew or should have known who had possession of his vehicle when he called the Atlanta Police Department to report it stolen. Detective Partridge also revealed that after appellant's initial call to the Atlanta Police Department, appellant called the Riverdale Police Department and dispatched them to Mrs. Ware's residence to recover the vehicle. The interview concluded with appellant's arrest for making a false report of an auto theft.

The accusation charging appellant with giving a false report alleged that appellant "willfully and knowingly [gave] a false report of a crime to D. B. Partridge, a law enforcement officer of said State, in that he, said accused, did report that a 1987 Chevrolet van had been

stolen, when in truth and in fact, the aforesaid vehicle had not been stolen." Appellant contends there was no evidence that he reported a crime *to Detective Partridge* as alleged in the accusation; that Detective Partridge took no part in receiving the initial complaint; and that the actual report was taken by someone other than Detective Partridge; therefore, the evidence did not support the finding of guilt.

OCGA § 16-10-26 provides that "[a] person who willfully and knowingly gives or causes a false report of a crime to be given to any law enforcement officer or agency of this state is guilty of a misdemeanor." Although the evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that appellant gave a false report of a crime, our review of the transcript does not reveal actual testimony that appellant specifically gave a report *to Detective Partridge*, as alleged in the accusation. In fact, when pressed on cross-examination, Detective Partridge testified that appellant did not make any statement to him at all. However, " '(n)ot every variance in proof from that alleged in the indictment is fatal.' [Cit.] The crucial requirements are (1) that the accused be definitely informed as to the charges against him, so that he is able to present his defense, and (2) that he may be protected against another prosecution for the same offense. [Cit.] Unless the variance subjects defendant to one of these dangers it is not fatal. [Cit.] . . . The true inquiry is whether there has been such a variance as to 'affect the substantial rights' of the accused. [Cits.]" (Indention omitted.) *Glass v. State*, 199 Ga. App. 530, 531 (1) (405 SE2d 522) (1991). OCGA § 16-10-26 proscribes false reporting of a crime "to any law enforcement officer or agency of this state." It is undisputed that appellant reported a stolen van to the Atlanta Police Department. Therefore, there was no fatal variance where Atlanta Police Detective Partridge was named in the accusation and the evidence showed that the false report was made to another Atlanta police official. Appellant was "sufficiently informed of the [charge] against him so that he could prepare a defense. Moreover, there was no danger that [appellant] would be prosecuted again for the same offense." (Footnote omitted.) *Battles v. State*, 262 Ga. 415, 417-418 (5) (420 SE2d 303) (1992). See also *Watkins v. State*, 207 Ga. App. 766 (1b) (430 SE2d 105) (1993).

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 8, 1994.

*Paul McGee*, for appellant.
*Paul L. Howard, Jr., Solicitor, Scott E. Heffington, Deborah*

*Espy, Assistant Solicitors*, for appellee.