A00A0603. GIBSON v. THE STATE.
(533 SE2d 783)

BARNES, Judge.

Michael Gibson appeals his convictions for theft by taking a motor vehicle (Count 1), obstruction of a law enforcement officer by running away (Count 2), two counts of giving a false name to a law enforcement officer with the intent to mislead (Counts 3 and 4), driving on a suspended license (Count 5), and fleeing a law enforcement officer (Count 6). He was sentenced to 15 years to serve.

Gibson contends the evidence does not support his convictions. With the exception of Count 2, we disagree and affirm.

1. On appeal the evidence must be viewed in the light most favorable to the verdict, Gibson no longer enjoys the presumption of innocence, and this court determines the sufficiency of the evidence and neither weighs the evidence nor judges the credibility of the witnesses. *Grant v. State,* 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990). Conflicts in the evidence are resolved by the jury. *Kapua v. State,* 228 Ga. App. 193, 195 (1) (491 SE2d 387) (1997).

2. Viewed in the light most favorable to the verdict, the evidence shows that between 11:00 p.m. one night and 6:30 a.m. the next morning, a Cadillac Fleetwood sedan was stolen from an apartment complex. The owner promptly reported the theft to the police and the apartment manager, and that day, the manager saw the stolen car with three men inside being driven on a public street. The manager testified at trial that Gibson was in the car and that she saw him get in the driver's side of the car.

She followed in her car and had her passenger call 911 to report the stolen car and their location. Later, the police took over from her. A policeman came up behind the stolen car and activated his blue lights and siren. The officer testified at trial that he "was positive" that Gibson was driving the car. The stolen car, however, did not stop, and a chase ensued. The car finally left the road and stopped

against a tree. At that time, the three occupants of the car fled. The police apprehended two of the men, including Gibson.

After being apprehended, Gibson identified himself to one police officer as Michael Smith and to another officer as Michael Simmons. At the jail, however, he was properly identified as Michael Gibson. Additionally, Gibson signed the indictment as Michael Gibson.

Although the prosecution introduced Gibson's statement claiming that he was not driving the stolen vehicle, a passenger in the stolen car and a police officer both testified that Gibson was the driver. At trial, an investigator testified that Gibson's driver's history, obtained from the Georgia Crime Information Center, showed that his driver's license was suspended on March 13, 1993, and had not been reinstated. The computer printout containing this information was admitted in evidence.

(a) Gibson argues that insufficient evidence supports his conviction for theft by taking the Cadillac because the State relied upon the presumption arising from recent, unexplained possession of stolen property, and in this case he explained that he was in the car because the person driving the car had given him a ride.

> Although the evidence of recent, unexplained (or unsatisfactorily explained) possession of stolen goods may be sufficient to give rise to an inference that the defendant committed [theft by taking], the sufficiency of the evidence to support the conviction must still be adjudged by the totality of the evidence under the reasonable doubt standard applied in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Once it is shown that goods were stolen in a [theft by taking], absence of or unsatisfactory explanation of the possession of the goods will support a conviction for [theft by taking] based upon recent possession of the stolen goods. Whether a defendant's explanation of possession is satisfactory is a question for the jury; so is lack of explanation. What constitutes recent possession is in all cases a jury question, to be determined very largely from the character and nature of the stolen property.

(Citations and punctuation omitted.) *Smith v. State,* 234 Ga. App. 586, 592-593 (7) (a) (506 SE2d 406) (1998). As the evidence from the passenger and the police officer conflicted with Gibson's explanation, a jury question existed, and the evidence is sufficient to sustain Gibson's conviction for this offense.

(b) Gibson further contends the evidence is insufficient to sustain his convictions for obstruction of a law enforcement officer, two counts of giving a false name to a law enforcement officer, and fleeing

a law enforcement officer because the indictment for each of these offenses alleged that Officer Myers was the law enforcement officer involved, but the evidence presented at trial showed that Officer Myers arrived on the scene after Gibson was in custody and was involved in only one offense in which Gibson gave him a false name. Gibson also contends that he cannot be convicted of giving a false name because the State did not prove his real name. See *Agony v. State*, 226 Ga. App. 330, 333-334 (4) (486 SE2d 625) (1997).

Contrary to Gibson's contention, the State did provide evidence that his name was Michael Gibson and not Michael Smith or Michael Simmons. Several witnesses identified him as Michael Gibson, he personally signed the indictment as "Michael Gibson," and he was consistently referred to as Michael Gibson throughout the trial without repudiation. Such evidence is sufficient to establish that Michael Gibson is appellant's real name. *Brown v. State*, 236 Ga. App. 478, 480-481 (2) (512 SE2d 369) (1999). "Concordance of name alone is some evidence of identity. Identity of name presumptively imports identity of person, in the absence of any evidence to the contrary." (Citation and punctuation omitted.) *Robinson v. State*, 231 Ga. App. 368-369 (1) (498 SE2d 579) (1998). Under this evidence and Officer Myers' unrebutted testimony that Gibson identified himself as Michael Simmons, the evidence was sufficient to support Gibson's conviction of the second count alleging he gave a false name to a law enforcement officer.

(c) While Count 4 alleges that Gibson gave the false name of Michael Smith to Officer Myers and Count 6 alleges that Gibson fled from Officer Myers, the proof at trial showed that Officer Myers was not the police officer involved in either offense. Instead, Gibson asserts that the evidence shows that Gibson gave ·the false name Michael Smith to Officer Brand and fled from Officer Wine. Although Gibson's assertions are correct factually, these errors in drafting the indictment are of no help to his cause.

When considering whether there was a fatal variance between the proof and the allegation in the indictment in a case alleging filing a false police report, we held:

> OCGA § 16-10-26 provides that a person who willfully and knowingly gives or causes a false report of a crime to be given to any law enforcement officer or agency of this state is guilty of a misdemeanor. Although the evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that appellant gave a false report of a crime, our review of the transcript does not reveal actual testimony that appellant specifically gave a report to Detective Partridge, as alleged in the accusation. In fact, when pressed on

cross-examination, Detective Partridge testified that appellant did not make any statement to him at all. However, not every variance in proof from that alleged in the indictment is fatal. The crucial requirements are (1) that the accused be definitely informed as to the charges against him, so that he is able to present his defense, and (2) that he may be protected against another prosecution for the same offense. Unless the variance subjects defendant to one of these dangers it is not fatal. The true inquiry is whether there has been such a variance as to affect the substantial rights of the accused. OCGA § 16-10-26 proscribes false reporting of a crime to any law enforcement officer or agency of this state. It is undisputed that appellant reported a stolen van to the Atlanta Police Department. Therefore, there was no fatal variance where Atlanta Police Detective Partridge was named in the accusation and the evidence showed that the false report was made to another Atlanta police official. Appellant was sufficiently informed of the charge against him so that he could prepare a defense. Moreover, there was no danger that appellant would be prosecuted again for the same offense.

(Citation and punctuation omitted.) *Veal v. State*, 211 Ga. App. 879, 880 (440 SE2d 762) (1994).

OCGA § 16-10-25 prohibits giving "a false name, address, or date of birth to a law enforcement officer in the lawful discharge of his official duties with the intent of misleading the officer as to his identity or birth date. . . ." No requirement exists that the false name be given to any particular officer. Under the circumstances, the analysis employed in *Veal v. State*, supra, 211 Ga. App. at 880, applies. Gibson did not dispute that he gave a false name to a police officer. Thus, no fatal variance exists in this case where the indictment named Officer Myers, but the evidence showed that Gibson gave the false name to Officer Brand.

In the same manner, it is unlawful under OCGA § 40-6-395 (a) for:

any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such signal shall be in uniform prominently displaying his or her badge

of office, and his or her vehicle shall be appropriately marked showing it to be an official police vehicle.

The focus in this Code section is on the officer or vehicle being identified clearly as a police officer or police vehicle, and not on any particular officer. Consequently, as Officer Wine testified that he was driving a patrol car when he saw the stolen car and that Gibson fled after Officer Wine turned on the vehicle's emergency equipment — its lights, siren, and blue lights — this testimony was sufficient.

In both of these instances, Gibson was sufficiently informed of the charge against him so that he could prepare a defense against the charge of giving a false name and fleeing and eluding a law enforcement officer, and no danger exists that he would be prosecuted again for either of these same offenses. Accordingly, the evidence was sufficient to sustain his convictions for these offenses.

3. As the State concedes that insufficient evidence supports Gibson's conviction of obstructing a law enforcement officer (Count 2), the conviction for that offense must be reversed, the sentence vacated, and the case remanded to the trial court for resentencing on the remaining counts.

*Judgment affirmed in part and reversed in part, sentence vacated, and case remanded with direction. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED APRIL 14, 2000.

*William J. Mason,* for appellant.
*J. Gray Conger, District Attorney, E. Wayne Jernigan, Jr., Assistant District Attorney,* for appellee.