## S00G1187. TOLLIVER v. THE STATE.
### (546 SE2d 525)

THOMPSON, Justice.

In this granted petition for writ of certiorari to the Court of Appeals, we are called upon to determine whether *Miranda* protections attached in the course of a crime scene investigation. We hold that where the accused was neither in custody nor so restrained as to equate to a formal arrest, any statements made to the investigating officer were made under noncustodial circumstances and *Miranda* warnings were not required.

A jury convicted Clayton Ray Tolliver of two counts of aggravated assault in connection with the firing of a pistol in an incident of "road rage." On appeal, Tolliver claimed that certain incriminating statements made to a police officer during the roadside investigation should have been excluded because the officer failed to inform him of his *Miranda* rights.[1] The Court of Appeals affirmed. *Tolliver v. State*, 243 Ga. App. 180 (531 SE2d 383) (2000).

John and Tarik Edwards were driving in the far left or fast lane of Interstate 285, when Tolliver's vehicle approached their car from behind in that lane. In an apparent effort to pass them, Tolliver repeatedly pulled up to their bumper and flashed his high-beam headlights. The Edwards' car was not immediately able to move over due to heavy traffic; Tolliver was ultimately able to pass but made an obscene gesture and comments while doing so. Minutes later, the Edwards encountered Tolliver again. Tolliver had been slowed by heavy traffic and was making angry gestures toward the Edwards. As the two cars traveled alongside each other, Tolliver brandished a .9 millimeter pistol and fired a shot through the rear driver's side window of the Edwards' car. Afterward, Tolliver sped up and attempted to flee, but the Edwards successfully followed him at high speeds on highways and streets in DeKalb County. Eventually, Tolliver brought his car to a stop on a church lawn and John Edwards called police to the scene. To defuse tension between the parties, Tolliver handed over his firearm to the Edwards. John Edwards was in possession of the gun when a police officer arrived at the scene.

The officer spoke with the parties to further investigate; he initially questioned the Edwards, and then spoke with Tolliver. Tolliver told the officer that he had "[taken] out his pistol and pointed it at the [Edwards] to try and scare them off" and prevent the Edwards' car from ramming his, and that the pistol discharged accidentally. After conferring with his superior officers concerning possible relevant criminal charges, the officer arrested Tolliver and took him into

---

[1] Tolliver does not challenge the voluntariness of his statements.

custody. Tolliver was not informed of his *Miranda* rights during the on-scene investigation; *Miranda* warnings were administered upon arrival at the police station.

Prior to the officer's testimony at trial, the court held a *Jackson-Denno* hearing to determine the admissibility of Tolliver's inculpatory statements. The only witness at the hearing was the officer, who testified that he followed normal investigatory procedure for on-scene automobile incidents by questioning all parties involved in an attempt to decide whether arrest was proper. The trial court subsequently admitted Tolliver's statement that he intentionally pointed his pistol at the Edwards' automobile.

*Miranda* protections adhere when an individual is (1) formally arrested or (2) restrained to the degree associated with a formal arrest. *Stansbury v. California*, 511 U. S. 318 (114 SC 1526, 128 LE2d 293) (1994); *Hodges v. State*, 265 Ga. 870 (2) (463 SE2d 16) (1995). A court should evaluate the second prong of the test objectively: an individual is in custody if a reasonable person in the place of the defendant would feel so restrained as to equate to a formal arrest. *Berkemer v. McCarty*, 468 U. S. 420, 442 (104 SC 3138, 82 LE2d 317) (1984); *Hodges*, supra.

Tolliver contends that because he was the focus of the officer's inquiry at the time of the initial on-scene questioning, *Miranda* warnings were required. However, a

> "law enforcement officer coming upon the scene of suspected criminal activity will conduct a general on-the-scene investigation and may detain temporarily anyone at the scene. . . . Such detentions do not trigger the requirements of *Miranda v. Arizona*." [Cit.]

*Lankford v. State*, 204 Ga. App. 405, 406 (2) (419 SE2d 498) (1992). Even if Tolliver was a prime suspect at the time of questioning, as he suggests, such suspicion does not mandate *Miranda* warnings unless a reasonable person in the suspect's position would have " 'understood the situation to constitute restraint on freedom of movement of the degree which the law associates with [a] formal arrest.' [Cit.]" *Pollard v. State*, 238 Ga. App. 253, 256 (3) (518 SE2d 463) (1999). See also *McConville v. State*, 228 Ga. App. 463 (1) (491 SE2d 900) (1997).

The evidence here shows that the officer responded to a report of shots fired; the officer then followed routine procedure by asking questions of all parties involved as to how the incident occurred. The officer had the right to secure the scene given the admitted gunplay involved. *Smith v. State*, 264 Ga. 857 (3) (452 SE2d 494) (1995). The situation also demanded questioning as to the identity of the parties, as by the time the officer arrived on the scene, Tolliver had *given* his

firearm to the Edwards. Finally, the short-term nature of the questioning, in an attempt to discern both sides of the story, amounted only to a temporary detention that falls short of the *Miranda* threshold custody determination. See *Daugherty v. State*, 182 Ga. App. 730 (2) (356 SE2d 902) (1987). " 'Treatment of this sort cannot fairly be characterized as the functional equivalent of formal arrest.' " *Lipscomb v. State*, 188 Ga. App. 322 (372 SE2d 853) (1988) (quoting *Berkemer*, supra at 442). It follows that the trial court did not err in denying Tolliver's motion to suppress.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 7, 2001.

*Garland, Samuel & Loeb, Donald F. Samuel, John R. Hasty*, for appellant.

*J. Tom Morgan, District Attorney, Kristen L. Wood, Jeanne M. Canavan, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellee.