S01A1284. LEE v. THE STATE.
(559 SE2d 475)

SEARS, Presiding Justice.

The appellant, Derrick Lee, was sentenced to life in prison for the malice murder of Andre Wilson.[1] On appeal, Lee contends that the evidence is insufficient to support his conviction, that the trial court erred in granting the State's motion in limine to exclude evidence of the presence of cocaine in the victim's blood, and that the trial court erred in excluding the testimony of a defense witness who would have testified that earlier on the day of the crime, he saw the victim looking into cars for one with keys in it, presumably for the purpose of stealing a car. For the reasons that follow, we affirm.

1. At trial, Lee testified that he shot Wilson in self-defense when Wilson, who was unarmed, attempted to steal Lee's car. According to Lee, he feared that Wilson was attempting to run him over with the car, and that he shot in self-defense. We conclude, however, that a rational trier of fact could have rejected Lee's claim of self-defense, and could have found beyond a reasonable doubt that Lee, who shot at Wilson seven times, committed the offense of malice murder in shooting Wilson.[2]

2. Lee contends that the trial court erred by granting the State's motion in limine to exclude evidence of the presence of cocaine in the victim's blood. We have, however, recently rejected similar contentions,[3] and conclude that the trial court in the present case did not abuse its discretion in granting the State's motion in limine.[4]

3. Lee next contends that the trial court erred in granting the

---

[1] The crimes occurred on April 21, 1997, and Lee was indicted on January 27, 1998. Following a jury trial, Lee was found guilty on April 16, 1999, of malice murder, felony murder, and aggravated assault stemming from the death of the victim. The felony murder verdict was vacated by operation of law. OCGA § 16-1-7; *Malcolm v. State*, 263 Ga. 369, 373 (5) (434 SE2d 479) (1993). On April 19, 1999, the trial court sentenced Lee to life in prison for malice murder, and merged the aggravated assault conviction with the conviction for malice murder. Lee filed a motion for new trial on May 17, 1999, and on that same day, the court reporter certified the trial transcript. On March 7, 2000, Lee filed an amended motion for new trial, and on February 21, 2001, the trial court denied the motion for new trial, as amended. On March 15, 2001, Lee filed a notice of appeal to the Court of Appeals of Georgia. On May 8, 2001, the Court of Appeals transferred the case to this Court, and on May 23, the appeal was docketed here. The case was submitted for decision on briefs on July 16, 2001.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Robinson v. State*, 272 Ga. 131, 133 (3) (527 SE2d 845) (2000); *James v. State*, 270 Ga. 675, 676 (2) (513 SE2d 207) (1999).

[4] *Robinson*, 272 Ga. at 133; *James*, 270 Ga. at 676.

State's motion in limine to exclude the testimony of Certonious Harris, who would have testified that the victim was seen the morning of the incident looking into automobiles trying to find one with keys in it, presumably for the purpose of stealing one of the cars. We conclude that the trial court did not abuse its discretion in excluding the evidence in question.

First, Lee offered testimony that Wilson was in the process of stealing his car when he was shot, the physical evidence supported Lee's testimony, and the State offered no evidence to contradict Lee's evidence that Wilson was stealing Lee's car when Lee shot him. Second, the central issue in the case was whether Lee's use of force was justified, and the evidence that Wilson may have been looking in other cars earlier in the day was not relevant to show whether, in stealing Lee's car, he attempted to harm Lee so as to make Lee's use of deadly force reasonable and necessary.[5] Because there was other probative evidence that Wilson was stealing Lee's car when he was shot, because Harris's testimony would have reflected negatively on the victim's character, and because Harris's testimony that Wilson had been seen looking in cars earlier on the day of the crime was not relevant to the central issue of whether Lee was justified in shooting Wilson, we conclude that the trial court did not abuse its discretion in excluding Harris's testimony.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 4, 2002.

*Franklin & Hubbard, Brooks S. Franklin, Cynthia G. Morris,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Raymond J. Burby IV, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.

---

[5] *Smiley v. State*, 271 Ga. 734, 735 (2) (524 SE2d 234) (1999).