## S02A1103. WHITAKER v. THE STATE.
### (570 SE2d 317)

THOMPSON, Justice.

Roosevelt Whitaker and Dove Smith were charged in a nine-count indictment resulting from the shooting death of Montavious Johnson and the aggravated assault of Cinwon Whitehead. Whitaker was tried separately and ultimately found guilty of felony murder, two counts of aggravated assault, and possession of a firearm during the commission of a felony.[1] On appeal, Whitaker challenges several evidentiary rulings and asserts that he was denied effective assistance of trial counsel. Finding no error, we affirm.

Viewed in a light most favorable to the verdict, the evidence shows that Whitaker and co-defendant Smith contacted Johnson to

---

[1] The crimes took place on June 20, 2000. An indictment was returned on August 11, 2000, charging Whitaker with malice murder, felony murder (three counts), armed robbery, aggravated assault (two counts), possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. Trial commenced on February 7, 2001. The court directed verdicts of acquittal on the charges of armed robbery and felony murder based on armed robbery. Nolle prosequi orders were entered with respect to the firearms possession by a convicted felon charge and one count of felony murder based on that crime. On February 12, 2001, the jury found Whitaker guilty of malice murder, felony murder based on aggravated assault, aggravated assault (two counts), and possession of a firearm during the commission of a felony. Whitaker was sentenced the same day to life in prison for the malice murder conviction, plus a consecutive term of ten years and a concurrent term of two years. A motion for new trial was filed on March 1, 2001, and amended on October 26, 2001. After an evidentiary hearing, the trial court set aside the malice murder conviction under the authority of *Harris v. State*, 273 Ga. 608 (1) (543 SE2d 716) (2001), and Whitaker was resentenced to a life sentence for the felony murder conviction. The motion for new trial was denied on February 28, 2002. A notice of appeal was filed March 6, 2002. The case was docketed in this Court on April 9, 2002, and was submitted for a decision on briefs June 3, 2002.

arrange for the purchase of a significant quantity of cocaine. Johnson arranged with Whitehead to supply him with nine grams of cocaine and to accompany him during the deal. Whitaker warned a friend of the impending drug sale, telling him, "best you go in the house before you end up in jail or hell, one."

The two victims arrived at the designated location and Whitehead stepped out of Johnson's vehicle to consummate the deal. Before any exchange could take place, a car pulled in front of Johnson's car, blocking him in. Whitaker then appeared with an AK-47 assault rifle, pointed it at Whitehead and asked "where it's at?" Whitehead told Whitaker that the drugs were in Johnson's vehicle, then turned and ran, whereupon Johnson attempted to drive away. Whitaker fired at the vehicle at least 18 times. One shot struck Johnson in the back of the head, killing him. The vehicle continued to roll across a parking lot, collided with a parked car, and caught fire. Whitaker and Smith jumped into the car that had blocked Johnson's vehicle and fled the scene.

1. The evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), for a rational trier of fact to have found Whitaker guilty beyond a reasonable doubt of the crimes for which he was convicted.

2. Whitaker asserts that the trial court erred in permitting the State to introduce into evidence two autopsy photographs depicting burn injuries to the victim because they were irrelevant, inflammatory, and prejudicial. The first photograph was of the left eye and showed the exit wound of the bullet; the second was of the victim's left arm and chest and showed two tattoos.

Post-incision autopsy photographs of the victim "are admissible if necessary to show some material fact that becomes apparent only due to the autopsy." *Peterson v. State*, 274 Ga. 165, 171 (5) (549 SE2d 387) (2001). The medical examiner testified that the gunshot wound to Johnson's head was not apparent prior to the autopsy due to the extensive burn damage, and that the cause of death was not even ascertainable until the autopsy was performed. Thus, the photograph was relevant "to aid the medical examiner in describing the cause and manner of death." *Peterson*, supra. With regard to the photograph of the arm and chest, the medical examiner testified that the charring more clearly defined the two tattoos which aided in confirming the identity of the victim. Thus, it too was relevant to the issues at trial. See generally *Ramey v. State*, 250 Ga. 455 (1) (298 SE2d 503) (1983).

Nonetheless, relevant evidence may be excluded if the trial court in its sound discretion determines that the probative value is substantially outweighed by the danger of prejudice. *Hicks v. State*, 256 Ga. 715, 720 (13) (352 SE2d 762) (1987). Whitaker argues that both

photographs were unduly inflammatory and prejudicial because they showed the charred condition of the body. However, the condition of the body did not result from the autopsy, but from the vehicle fire which followed the shooting. Photographs are admissible "where alterations to the body are due to the combined forces of the murderer and the elements." *Klinect v. State*, 269 Ga. 570, 574 (4) (501 SE2d 801) (1998). Because both photographs are relevant to the issues at trial and possess sufficient probative value, the trial court did not abuse its discretion in admitting them into evidence.

3. Whitaker submits that the trial court prejudiced his sole defense of misidentification by refusing to compel six FBI agents to appear and testify on his behalf.

Whitaker's defense at trial was that Johnson was actually shot by another man, John Wilson, who bears a strong resemblance to Whitaker and who, along with Whitaker's co-defendant Dove Smith, was under investigation by the FBI for a bank robbery. Whitaker served the six agents with subpoenas, but none appeared at trial to testify. The judge refused to use the court's subpoena power to compel the agents to attend because Whitaker could not establish that they would be able to provide relevant testimony.

While a defendant is entitled to show that another person committed the charged crime, the proffered evidence must also raise a reasonable inference of the defendant's own innocence. *Palmer v. State*, 274 Ga. 796, 797 (3) (560 SE2d 11) (2002). The only testimony Whitaker expected the FBI agents to provide was their opinion that he and John Wilson looked alike. We agree with the trial court that this evidence was not relevant to Whitaker's misidentification defense and would, in any case, be cumulative of the testimony of other witnesses who had already commented on the resemblance between Whitaker and Wilson. Further, Wilson testified at trial, giving the jury the opportunity to observe both men.

4. Whitaker asserts that the trial court improperly limited his cross-examination of Wilson to the witness' activities on the day of the murder, thereby denying him the right to a thorough and sifting cross-examination under OCGA § 24-9-64.

A trial court has broad discretion in determining the scope of relevant cross-examination. *Kolokouris v. State*, 271 Ga. 597, 600 (4) (523 SE2d 311) (1999). Whitaker based his misidentification defense on the supposition that Wilson actually committed the crime, despite the fact that four eyewitnesses (two of whom had known Whitaker for more than ten years) placed Whitaker at the scene. The trial court did not abuse its discretion in limiting the cross-examination to Wilson's activities on the day of the murder. Id.

5. State's witness Lee Ann Clark testified that she observed the shooting and she identified Whitaker as the shooter based on his

body frame. On cross-examination, the defense showed the witness a facial photograph of John Wilson in a sitting position and asked if she could identify the person. The trial court sustained the State's objection on relevancy grounds. Whitaker asserts that his misidentification defense places his identity in issue, and any evidence is relevant if it tends to prove or disprove a material fact which is at issue in the case. See *Guest v. State*, 155 Ga. App. 374 (1) (270 SE2d 904) (1980). Because Clark had previously testified that she could not identify Whitaker's face, and that she identified him solely by his frame, the trial court properly determined that Clark's speculation about the identity of the face in the photograph was irrelevant to the trial. The trial court did not abuse its discretion in excluding the evidence. See generally *Lee v. State*, 274 Ga. 707 (3) (559 SE2d 475) (2002).

6. Whitaker submits that the trial court erred by repeating sua sponte the definition of aggravated assault while charging the jury, and that this repetition placed undue emphasis on that charge.

Jury instructions are viewed as a whole to determine whether the charge contains error. *Wilson v. State*, 275 Ga. 53, 59-60 (4) (562 SE2d 164) (2002). "Mere repetition of a correct and applicable principle of law is not such error as requires reversal." (Punctuation omitted.) *Grier v. State*, 273 Ga. 363, 366 (4) (541 SE2d 369) (2001). The court's second reference to aggravated assault was merely a clarification of the prior instructions given on the offense. Under the circumstances, we find no error.

7. Whitaker claims his trial counsel was ineffective in two respects: (a) failing to request a continuance to secure the appearance of the FBI witnesses and other defense witnesses; and (b) failing to thoroughly discuss the case with him prior to trial, interview possible alibi witnesses, and communicate plea offers to him.

"The standard for determining ineffective assistance of counsel is whether trial counsel's performance was deficient and, if so, whether the deficient performance prejudiced the defense." *Woods v. State*, 271 Ga. 452, 453 (2) (519 SE2d 918) (1999), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). This court gives deference to the trial court's factual findings, unless clearly erroneous, but independently applies the legal principles to the facts to determine the merits of a claim of ineffective assistance of counsel. *Callendar v. State*, 275 Ga. 115 (3) (561 SE2d 113) (2002).

(a) Trial counsel was permitted to make an offer of proof as to what the subpoenaed FBI agents would testify to, if they were compelled to appear by the court. Counsel offered proof that the agents would testify that Whitaker had been mistakenly identified as John Wilson during the investigation of at least one bank robbery, and that the two men were similar in appearance. The trial judge deter-

mined that this offer of proof was insufficient, and that the testimony of the agents was irrelevant and cumulative. Since the trial judge had already ruled that the anticipated testimony would be inadmissible, the failure to request a continuance was neither deficient performance nor prejudicial to Whitaker's case.

(b) The record of the motion for new trial belies Whitaker's remaining claims. Trial counsel testified that he met with Whitaker at the jail several times prior to trial, investigated any possible alibi witnesses, and communicated plea offers to Whitaker, all of which were rejected.

Applying the *Strickland* standard, we conclude that trial counsel's performance was not constitutionally flawed.

*Judgment affirmed. All the Justices concur, except Fletcher, C. J., who concurs in judgment only as to Division 5.*

DECIDED SEPTEMBER 30, 2002.

*Amy H. Bogartz*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Peggy R. Katz, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.