## A06A1286. ROWE v. THE STATE.
### (635 SE2d 251)

RUFFIN, Chief Judge.

A jury convicted Tommy Rowe of aggravated assault with a deadly weapon, aggravated battery, and possessing a firearm during the commission of a felony.[1] On appeal Rowe contends that the evidence was insufficient to sustain his convictions. Finding no error, we affirm.

On appeal Rowe no longer enjoys a presumption of innocence, and we view the evidence in a light favorable to the jury's verdict.[2] In so doing, we neither weigh the evidence nor revisit the jury's determinations regarding witness credibility.[3]

Viewed in this manner, the record reveals that Rowe and Samuel Degrace had a tumultuous relationship and had fought on several occasions over a woman with whom Rowe had been romantically involved. On September 4, 2001, Samuel Degrace was walking to work when he saw Rowe drive by. Rowe stopped his car, exited the vehicle, and started throwing acorns and pine cones at Degrace. Degrace kept walking, but Rowe drove past Degrace again, stopped his vehicle, and exited. This time Rowe threatened to hit Degrace with what Degrace described as a "jug." Rowe then said, "I got something for you," and returned to his car. As Degrace continued to walk away, he was shot in the back. Degrace feared Rowe would shoot him again, but Rowe fled, shouting, "[Y]ou ain't dead yet." Degrace called his mother on his cell phone and said that Rowe had shot him. At trial, however, Degrace acknowledged that he did not actually see Rowe point the gun at him.

---

[1] For sentencing purposes, the trial court merged the aggravated assault and aggravated battery convictions.

[2] See *Gibson v. State*, 243 Ga. App. 610 (1) (533 SE2d 783) (2000).

[3] See id.

Rowe, in turn, testified that he was defending himself against Degrace's knife attack and merely pointed the gun toward the woods and fired a warning shot away from Degrace. Rowe also said that after the shooting, he went to the bridge and found an indentation in the railing where he believed the bullet struck before ricocheting and hitting Degrace. Rowe's uncle, William Edwards, saw the indentation and took a picture of it. The picture, which apparently depicted the railing with an indentation in it, was admitted at trial.

Rowe contends that the circumstantial evidence presented at trial was insufficient to support his conviction as it did not rule out every reasonable hypothesis other than that of his guilt. We disagree.

"To sustain a conviction based on circumstantial evidence, the evidence must exclude all reasonable hypotheses other than the defendant's guilt."[4] Whether any given hypothesis is reasonable is a question for the jury, and we will not disturb the jury's finding in this regard unless it is unsupportable as a matter of law.[5] Here, the jury was authorized to find that Rowe intentionally shot Degrace in the back. Although Rowe testified that he only fired a warning shot, the jury was not required to believe this testimony.[6] In view of the acrimonious nature of Rowe's relationship with Degrace, the threats made, and Rowe's statement to Degrace that he was not "dead yet," the jury was free to reject Rowe's self-serving testimony and find him guilty of the crimes charged.[7]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 2, 2006.

*Thomas S. Robinson III*, for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Corey T. Bowles, Assistant District Attorneys*, for appellee.

---

[4] *Hooks v. State*, 280 Ga. 164, 165 (1) (626 SE2d 114) (2006).
[5] See *Fortson v. State*, 280 Ga. 376 (1) (628 SE2d 104) (2006).
[6] See *Johnson v. State*, 277 Ga. App. 499, 504 (1) (a) (627 SE2d 116) (2006).
[7] See id.