HUNSTEIN, Presiding Justice.
 

 Maisha Mahalia Durham was convicted of felony murder, aggravated assault and possession of a firearm during the commission of a felony, all arising out of the shooting death of her husband, Derrick Mathis. She was sentenced to life imprisonment for the murder and five years on the possession charge. She appeals from the denial of her motion for new trial.
 
 [1]
 
 Finding no error, we affirm.
 

 1. The jury was authorized to find that appellant, angered when the victim failed to return home the night before, persuaded Bahiya Johnson to drive her around in search of the victim. When their initial efforts failed, appellant had Johnson drive her home where appellant retrieved the victim's .22 caliber revolver. They then renewed their search and finally located the victim, at which time appellant accused him of spending the night with another woman. The victim claimed he had spent the night at his uncle's home and agreed to accompany appellant there so his uncle could confirm his story. During the trip appellant pulled out the revolver and pointed it at him. Their fight over the weapon continued when they arrived. Johnson testified that appellant told the victim that she was going to shoot- him with the revolver, then proceeded to do so; she also testified that the victim did not threaten appellant or call her names and never admitted cheating on appellant. Eyewitnesses testified that appellant shot the victim in the stomach, argued with him some more, and then' shot him again in the hip. After the second shot Johnson and appellant loaded the victim in the car. Appellant persisted in her efforts to get the victim to admit cheating on her as Johnson drove them to the hospital) En route, appellant wiped down the revolver and threw it out of the car, where it was recovered by a passerby who turned it over to the police. The victim subsequently died from his wounds, which expert testimony established had been inflicted by the recovered weapon.
 

 At trial defense witnesses testified about the volatile relationship between appellant and the victim, injuries they observed on her body, police complaints and hospital visits she had made in which she asserted that the victim had hit her, and expert testimony that appellant suffered from battered person syndrome. Appellant testified that she had decided to, leave the victim because he abused her; that she had the revolver with her in order to return it to him; that the victim told her he had slept with another woman and that he would kill her and her unborn child; and that he was shot while they struggled over the weapon.
 

 This evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charged crimes.
 
 Jackson v. Virginia,
 

 443 U.S. 307
 
 ,
 
 99 S.Ct. 2781
 
 ,
 
 61 L.Ed.2d 560
 
 (1979).
 

 2. Appellant contends the trial court erred by denying her motion to suppress three statements she made to police
 
 [2]
 
 because the first two were taken in violation of her constitutional rights under
 
 Miranda v. Arizona,
 

 384 U.S. 436
 
 ,
 
 86 S.Ct. 1602
 
 ,
 
 16 L.Ed.2d 694
 
 (1966), and the third statement, received after
 
 Miranda
 
 warnings were given, was inextricably linked to the earlier statements. "Where an accused is neither in custody nor so restrained as to equate to a formal arrest, any statements made to an investigating officer are made under noncustodial circumstances and
 
 Miranda
 
 warnings are not required." (Citations and punctuation omitted.)
 
 Heckman v. State,
 

 276 Ga. 141
 
 , 143(1),
 
 576 S.E.2d 834
 
 (2003). The record reveals that appellant gave the first
 
 *516
 
 statement to police officers who were sent to the hospital to investigate the injuries to the victim and who questioned appellant about the incident because she arrived with the victim and identified herself as his wife. Appellant was in a private waiting room and the evidence established that she was not a suspect at the time and was free to leave. In this first statement she claimed that the victim was shot by a man in a drug-related incident. Subsequently, after police developed information from the crime scene that the shooter could have been a woman, appellant was asked and voluntarily agreed to give a follow-up statement at the police station. She was not under arrest when she told police that the shooter was an unknown woman. By the end of this interview, however, police had located and talked with Johnson. The interviewing officer then confronted appellant with Johnson's statement that appellant was the shooter, read appellant her
 
 Miranda
 
 rights and obtained her signed waiver of those rights before questioning her further and obtaining her third statement, in which she admitted shooting the victim after she "lost it."
 

 "Miranda
 
 protections adhere when an individual is (1) formally arrested or (2) restrained to the degree associated with a formal arrest. [fits.] A court should evaluate the second prong of the test objectively: an individual is in custody if a reasonable person in the place of the defendant would feel so restrained as to equate to a formal arrest. Wits.'"
 
 Tolliver v. State,
 

 273 Ga. 785
 
 , 786,
 
 546 S.E.2d 525
 
 (2001). Our review of the evidence establishes that the trial court did not clearly err by finding that appellant was not in custody when she made the first two statements and thus denying appellant's motion to suppress. See generally
 
 Wiggins v. State,
 

 280 Ga. 627
 
 (2)(a),
 
 632 S.E.2d 80
 
 (2006);
 
 McDougal v. State,
 

 277 Ga. 493
 
 (1),
 
 591 S.E.2d 788
 
 (2004).
 

 3. After appellant filed her notice to raise issues regarding her mental status and was evaluated by an independent mental health expert, the trial court granted the State's motion to have appellant examined by its own expert. Appellant's counsel knew of the time, place, scope and nature of the examination by the State's expert but chose not to attend. Appellant thereafter filed a motion to suppress her statements made to the State's expert, claiming the use of her statements would violate her rights under the Fifth and Sixth Amendments to the U.S. Constitution. The trial court denied the motion and the State thereafter introduced at trial its expert's testimony solely as rebuttal evidence. We find no merit in appellant's contention challenging the denial of her motion. See
 
 Stephens v. State,
 

 270 Ga. 354
 
 (4),
 
 509 S.E.2d 605
 
 (1998) (no Fifth Amendment violation to introduce State's expert to rebut defendant's claim of mental illness; no Sixth Amendment violation where defense counsel knew about examination and its nature and scope). See also
 
 Buchanan v. Kentucky,
 

 483 U.S. 402
 
 (111),
 
 107 S.Ct. 2906
 
 ,
 
 97 L.Ed.2d 336
 
 (1987). Contrary to appellant's contention on appeal, a different conclusion is not compelled by anything in
 
 Fellers v. United States,
 
 MO U.S. 519(11),
 
 124 S.Ct. 1019
 
 ,
 
 157 L.Ed.2d 1016
 
 (2004) (Sixth Amendment is violated when prosecution deliberately creates situation likely to induce defendant, whose right to counsel has already attached, to make incriminating statements without counsel).
 

 4. Appellant contends the trial court erred by not allowing her to give her lay opinion that a miscarriage she suffered four to five months before the crimes was caused by the physical abuse inflicted on her by the victim. The record reveals that at a hearing on the State's motion in limine, the trial court and parties noted the lack of evidence regarding when the miscarriage occurred in relation to the victim's alleged act of violence; defense counsel stated he would "explore" the matter with appellant;; and the trial judge ruled that "right now ... without more" it would not allow appellant to "testify to her opinion of what the consequences of the beating were, i.e., the miscarriage," but that its grant of the State's motion was "with the understanding that I will re-visit" the issue if the facts showed that' the miscarriage followed in "close proximity in time" to the alleged beating. Appellant made no further proffer of evidence before or during trial relating to the miscarriage.
 

 *517
 
 It is not necessary to decide whether a lay witness may ever be qualified to give an opinion on this issue, see generally
 
 Weston v. State,
 

 276 Ga. 680
 
 (3),
 
 580 S.E2d 204
 
 (2003) (lay witnesses may relate their opinion as to existence of any fact so long as it is based upon their own experiences and observations and so long as, the matter referred to is within the scope of the average juror's knowledge), because we find no abuse of the trial court's discretion in granting the State's motion in this case based on the evidence before it. See generally
 
 Lee v. State,
 

 274 Ga. 707
 
 (2),
 
 559 S.E.2d 475
 
 (2002) (discretion not abused in granting motion in limine where evidence failed to show what effect victim's cocaine use had on his behavior at time of crimes); see also
 
 James v. State,
 

 270 Ga. 675
 
 (2),
 
 513 S.E.2d 207
 
 (1999) (no error excluding opinion testimony where evidence failed to show victim's marijuana use was close enough in time to have influenced his behavior).
 

 Judgment affirmed.
 

 All the Justices concur.
 

 The crimes occurred on September 3, 1999. Durham was indicted June 28, 2003 in Houston County. She was found guilty on March 18, 2004 and was sentenced by order filed March 23, 2004. Her motion for new trial, filed March 24, 2004 and amended August 2, 2004 and June 14, 2005, was denied July 1, 2005. A notice of appeal was filed July 5, 2005. The appeal was docketed February 20, 2006 and was submitted for decision on the briefs.
 

 Each consists of an oral statement and its written counterpart. Additionally, the final oral statement was audiotaped.