## S11A0847. SOILBERRY v. THE STATE.

### (716 SE2d 162)

MELTON, Justice.

Following his conviction for malice murder, felony murder, aggravated assault, and aggravated battery, Vincent Soilberry appeals, contending, among other things, that the evidence was insufficient to support the verdict.[1] For the reasons set forth below, we affirm in part, vacate in part, and remand for resentencing.

1. In the light most favorable to the verdict, the record shows that, on the evening of May 1, 2008 and the morning of May 2, 2008, Soilberry, by himself, was babysitting Shondorius Roney, the three-year-old child of his girlfriend, Shaquita Bell. On the morning of May 2, 2008, Soilberry called paramedics, who discovered the child in a bathtub without water, covered in feces, and having difficulty breathing. The child died shortly thereafter.

Soilberry initially told police and a hospital nurse that he simply found the child in distress after leaving him in the bathtub for a few minutes while he mopped the floor in another room. Later, after receiving his *Miranda* warnings in a formal interview, Soilberry confessed that, after the child soiled himself, Soilberry went into a rage, punched the child on his right side and kneed him in his chest. At trial, the medical examiner noted numerous injuries to the child, the most severe of which was a blunt force injury to the right side of the abdomen caused by several impacts, at least one of which severely lacerated the child's liver and caused rapid blood loss. In addition, the child had throttling injuries, rib fractures, head impact injuries, a heart contusion, and bruises and abrasions consistent with a severe beating that included hitting, stomping, and thrashing with a rod-like object. The medical examiner opined that some of the injuries were consistent with being beaten with a curtain rod that was found in the child's bedroom.

This evidence was amply sufficient to enable the jurors to find Soilberry guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61

---

[1] On July 23, 2008, Soilberry was indicted for malice murder, felony murder, two counts of cruelty to children in the first degree, aggravated assault, and two counts of aggravated battery (one based on damage to the victim's liver and one based on fractures of the victim's ribs). Following a jury trial ending on January 8, 2009, Soilberry was found guilty on all counts, and he was sentenced to life imprisonment for malice murder, twenty consecutive years for aggravated assault, and twenty consecutive years for aggravated battery based on the fracture of the victim's ribs. The conviction for felony murder was vacated by operation of law, see *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the remaining convictions were merged for purposes of sentencing. Soilberry's subsequent motion for new trial, filed on February 2, 2009 and amended on September 8, 2010, was denied on January 27, 2011. Thereafter, Soilberry initiated this timely appeal that has been docketed to the April 2011 term of this Court and submitted for decision on the briefs.

LE2d 560) (1979). Soilberry's trial testimony that all of his previous accounts of the child's death were lies and that the child was actually attacked by vengeful junkies following a bad drug deal has no effect on the outcome of this case. The "jury is the arbiter of a witness' credibility, and the jury also decides the reasonableness of hypotheses such as that presented by [Soilberry]." (Citation omitted.) *Warbington v. State*, 281 Ga. 464, 465 (1) (640 SE2d 11) (2007).

2. Soilberry contends that the trial court erred by denying his motion to suppress both his initial statements to police that the child went into distress while he was mopping in another room and his statements made after receiving *Miranda* warnings that he beat the child after the child soiled himself. Soilberry maintains that all of these statements were given involuntarily because of *Miranda* violations. These arguments have no merit.

"Where an accused is neither in custody nor so restrained as to equate to a formal arrest, any statements made to an investigating officer are made under noncustodial circumstances and *Miranda* warnings are not required." (Citation and punctuation omitted.) *Heckman v. State*, 276 Ga. 141, 143 (1) (576 SE2d 834) (2003). "[A]n individual is in custody if a reasonable person in the place of the defendant would feel so restrained as to equate to a formal arrest. [Cits.]" *Tolliver v. State*, 273 Ga. 785, 786 (546 SE2d 525) (2001).

At three different times, Soilberry told police a similar story that the child had gone into arrest in the bathtub while he was in another room. The record shows that Soilberry had separate discussions with two different police officers while he was still at the hospital. Both of these discussions occurred in a family waiting room, Soilberry was not detained, and he was not under arrest. To the contrary, Soilberry was always free to leave, and the questioning officers were just asking him routine questions regarding the child's death. Following the second interview, Soilberry agreed to allow officers to come to his home, where he could walk them through the events of the morning. On the trip to Soilberry's home, he drove separately from police, and, once in the home, he was never detained, threatened, or given any reason to question his ability to leave or stop the interview. For these three interviews, there is simply no evidence of record to support Soilberry's contention that a reasonable person in his position would believe that he was not free to leave. *Durham v. State*, 281 Ga. 208 (2) (636 SE2d 513) (2006). The statements were admissible.[2]

Likewise, Soilberry's contention that his confession that he hit

---

[2] Moreover, Soilberry also told a similar story to a hospital nurse, the nurse related this story to the jury at trial, and Soilberry makes no argument that this statement was inadmissible.

the child was involuntary is also wholly meritless. These statements were actually given following the proper administration of *Miranda* warnings. Soilberry contends, nonetheless, that he was tricked into confessing because the interviewing officers downplayed the gravity of his interview by telling him that "he was not under arrest" and that there was no need to "freak out." Even if these statements were intended to deceive, as Soilberry contends, they have

> no bearing on the voluntariness of [Soilberry's] statement in the absence of any evidence that the investigative technique was designed to procure a false statement. See *Harris v. State*, 274 Ga. 422 (3) (554 SE2d 458) (2001) (overstatement by the investigators as to how much inculpatory evidence they presently possessed does not affect the admissibility of statement). Moreover, [the officer's statements] offered no hope of benefit because it offered no potential future outcome.

*Daniel v. State*, 285 Ga. 406, 410 (5) (677 SE2d 120) (2009). Accordingly, Soilberry's confession that he beat the child was admissible.

3. Soilberry contends that the trial court erred by failing to merge one of his convictions for aggravated battery with his conviction for malice murder. Soilberry was indicted for committing malice murder by "inflicting blunt force trauma to [the child's] torso." He was also indicted for aggravated battery by "seriously disfiguring a member of [the child's] body, to wit; [Soilberry] caused multiple fractures to the ribcage of [the child]." The evidence showed that both crimes were the result of Soilberry's beating of the child.

Our recent opinion in *Ledford v. State*, 289 Ga. 70 (709 SE2d 239) (2011), controls this issue. There, we explained that

> the only difference between aggravated battery and murder is that the former requires a less serious injury to the person of the victim, as the injury to a bodily member specified in the aggravated battery statute is obviously less serious than death. Therefore, pretermitting whether these two offenses meet the "required evidence" test,[3] convic-

---

[3] "The 'required evidence' test applies strictly within the context of determining whether multiple convictions are precluded because one of the crimes was 'established by proof of the same or less than all the facts' that were required to establish the other crime under OCGA § 16-1-6 (1)." *Drinkard v. Walker*, 281 Ga. 211, 216, n. 32 (636 SE2d 530) (2006).

tions for both offenses established by the same conduct are prohibited by OCGA § 16-1-6 (2).[4]

Id. at 74 (1). Therefore, the trial court erred by failing to merge Soilberry's conviction for aggravated battery based on the fracture of the child's ribs into his conviction for murder. As a result, Soilberry's sentence must be vacated, and this case must be remanded to the trial court for resentencing.

*Judgment affirmed in part, vacated in part, and case remanded for resentencing. All the Justices concur.*

DECIDED OCTOBER 3, 2011.

*Kevin C. Armstrong*, for appellant.
*Gregory W. Edwards, District Attorney, Heather H. Lanier, Assistant District Attorney, Samuel S. Olens, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth A. Harris, Assistant Attorney General*, for appellee.

---

[4] OCGA § 16-1-6 (2) provides that one crime is included in the other where it differs only in that it involves a "less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability."