## 63354. MOMON v. THE STATE.

QUILLIAN, Chief Judge.

Tried on one count of rape and two counts of aggravated sodomy, defendant appeals his conviction for one count of aggravated sodomy. *Held:*

1. The general grounds are enumerated. We find the evidence sufficient to authorize any rational fact finder to find defendant guilty beyond a reasonable doubt.

2. The trial court did not err in permitting the state to present evidence of a prior offense of rape by defendant.

The evidence showed that over two years before the instant trial an Ann Rembert claimed to have been raped by defendant. Rembert did not testify as she had died about a year after the incident. Betty York, a friend of Rembert's, testified that before light in the early morning hours of March 16, 1979, she was awakened by a telephone call from a neighbor who said Rembert wanted to see her. She let Rembert come in. Rembert was scared, nervous and crying. She related that she had been abducted from a bus stop earlier the same night and driven away to a school yard in a car by two men. The men also had a Doberman Pinscher dog in the car. She said she was raped by them a short time before in the school yard. She came to York's residence because she could see and recognize it from the school yard. York called the police.

Two police officers testified that they interviewed Rembert shortly after the incident was reported. The testimony of the second officer was cumulative of part of the first officer's. The officers related what Rembert said had happened to her. As a result of what she had told the police, defendant came into police custody ten months later in January 1980 by virtue of his arrest when his Doberman Pinscher dog had cornered a young woman in his residence. One of the officers showed Rembert a photographic display in which she identified defendant and then conducted a lineup in which Rembert also identified defendant.

Contrary to defendant's assertions that the evidence of the prior

crime was based on hearsay, the testimony of York was not hearsay as it was admissible under Code Ann. § 38-305 as part of the res gestae; that is, declarations so nearly connected with the act as to be free from all suspicion of device or afterthought. See *Hooks v. State,* 215 Ga. 869 (7) (114 SE2d 6); *Overton v. State,* 230 Ga. 830 (5) (199 SE2d 205); *Johnson v. State,* 142 Ga. App. 560 (1) (236 SE2d 552).

Pretermitting whether the testimony of the two police officers as to what Rembert told them was part of the res gestae, the testimony was admissible under Code Ann. § 38-302 to explain the officers' subsequent conduct. *Anderson v. State,* 247 Ga. 397 (1) (276 SE2d 603). Her information eventually led to defendant's apprehension by police and his being identified by Rembert as the perpetrator of the rape against her. A police officer's testimony of such identification is not hearsay and is admissible to establish the fact that an identification was made. *Haralson v. State,* 234 Ga. 406 (4) (216 SE2d 304); *Painter v. State,* 237 Ga. 30, 32 (226 SE2d 578); *Bruce v. State,* 142 Ga. App. 211 (2) (235 SE2d 606).

" '[B]efore evidence of independent crimes is admissible . . . there must be evidence that the defendant was in fact the perpetrator of the independent crime.' " *State v. Johnson,* 246 Ga. 654 (1), 655 (272 SE2d 321). We find sufficient competent evidence here to authorize the jury to determine that defendant did commit an independent offense of rape.

Defendant contends that the prior offense was not of sufficient similarity to the offense charged to authorize its admission. Generally, evidence of other offenses can not be presented by the state as it tends to place the defendant's character in issue. However, such evidence may be admitted if there is sufficient similarity or connection between the other offense and the offense charged that proof of the former tends to prove the latter. Such evidence is (as it was in the instant case) admitted for the limited purpose of showing identity, motive, plan, scheme, bent of mind and course of conduct. *State v. Johnson,* 246 Ga. 654 (1), supra. "In crimes involving sexual offenses, evidence of similar previous transactions is admissible 'to show the lustful disposition of the defendant and to corroborate the testimony of the victim as to the act charged.' [Cits.]" *Warren v. State,* 95 Ga. App. 79, 80 (97 SE2d 194). The evidence of the prior offense in this case was sufficient to meet the foregoing standards.

3. The remaining assertions of error are without merit.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED MARCH 12, 1982 —

*Murray M. Silver,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Wendy L. Shoob, H. Allen Moye, Assistant District Attorneys,* for appellee.