A00A1396. WHITE v. THE STATE.
A00A1629. MOORE v. THE STATE.
(537 SE2d 364)

McMURRAY, Senior Appellate Judge.

A DeKalb County jury convicted co-defendants Andre White and Johnny Moore of two counts of aggravated assault. They were sentenced to concurrent sentences of 15 years to serve. Separately, they now appeal upon the superior court's denial of their motions for new trial. Because the claims of the co-defendants arise upon the same facts, we have consolidated their cases for disposition on appeal. *Held*:

Viewed in a light most favorable to the jury's verdicts, the evidence shows that in the early morning hours of December 22, 1996, Deanthony Moore, Melvin Lowe, and Bruce Riggins were sitting in Deanthony Moore's car at an Atlanta convenience store. As they were doing so, co-defendant Moore approached the vehicle on foot, opened the driver's door, and shouted the words, "What's up Mother [expletive deleted]?" at Deanthony Moore. Co-defendant Moore then began firing a handgun at the occupants of the car. Riggins ran from the scene as the shooting began. From his position standing in front of the car, White joined co-defendant Moore in the shooting, firing multiple shots into the car and, in particular, at Deanthony Moore's head. When the shooting stopped, Deanthony Moore had been wounded six times in his legs. Lowe and Riggins escaped without injury. Deanthony Moore identified the defendants as the perpetrators in court. Investigator Geraldine Carawan testified that Deanthony Moore had earlier identified co-defendant Moore in a pre-

trial photographic lineup. Investigator Carawan further testified that Lowe and Riggins also identified the defendants as the perpetrators in pretrial photographic lineups she showed them separately.

## Case Nos. A00A1396 and A00A1629

1. In two enumerations of error, defendants contend that the superior court erred in permitting Investigator Carawan to testify, over objection, that Lowe and Riggins identified them in pretrial photographic lineups conducted by Investigator Carawan. We disagree. Pretermitting defendants' arguments that their Sixth Amendment right of confrontation was violated upon allowing such testimony,[1] " 'A law enforcement officer is permitted to testify to a vocal fact of identification witnessed by himself without its being subject to a hearsay objection. [Cit.]' "[2] Moreover, "[a] police officer's testimony of such identification is not hearsay[3] and is admissible to establish the fact that an identification was made."[4] Accordingly, these claims of error are without merit.

2. In two enumerations of error, defendants challenge the sufficiency of the evidence to support their convictions. In a related third enumeration of error, co-defendant Moore contends that the superior court erred in denying his motion for new trial upon the general grounds. These claims of error are without merit.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant . . . no longer enjoys a presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[5] . . . Conflicts in the testimony of witnesses, including the State's witnesses, [are] a matter of

---

[1] We note that the constitutional right of confrontation does not require the exclusion of all hearsay evidence in criminal cases. See *Lilly v. Virginia*, 527 U. S. 116, 125 (119 SC 1887, 1894, 144 LE2d 117) ("We have allowed the admission of statements falling within a firmly rooted hearsay exception since the Court's recognition . . . that the Framers of the Sixth Amendment obviously intended to respect certain unquestionable rules of evidence in drafting the Confrontation Clause.") (citations and punctuation omitted). Accord *Littles v. Balkcom*, 245 Ga. 285, 286 (2) (264 SE2d 219).

[2] *Harper v. State*, 213 Ga. App. 444, 449 (6) (445 SE2d 303), citing *Bruce v. State*, 142 Ga. App. 211, 213 (2) (235 SE2d 606).

[3] See OCGA § 24-3-2 ("[w]hen, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence").

[4] *Momon v. State*, 161 Ga. App. 629, 630 (2) (288 SE2d 767), aff'd, 249 Ga. 865 (294 SE2d 482).

[5] 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.[6]

When the "general grounds" are asserted, we proceed as in reviewing for the sufficiency of the evidence.[7] In the cases sub judice, the co-defendants were identified as the shooters in and out of court. Reviewing the evidence in the light most favorable to the jury's verdicts and leaving evidentiary weight and witness credibility to the jury, we find that a rational trier of fact could have found each defendant guilty beyond a reasonable doubt of the crime of aggravated assault.[8]

### Case No. A00A1629

3. Lastly, co-defendant Moore complains that the superior court erred in striking juror 28, Steven Lowe, for cause from the jury venire. On voir dire, juror Lowe testified that eight months before trial he had been surrounded by police and forced to sit on the ground after mistakenly being identified as having stolen a woman's purse. While juror Lowe was not arrested, he testified that he could not be fair and impartial as a juror because of it. In other testimony, juror Lowe indicated that his brother was in prison for aggravated assault and that he felt victimized by the criminal justice system for having released his father's murderer after serving only five years confinement. Although juror Lowe later stated he could serve as a fair and impartial juror, the superior court nonetheless granted the State attorney's challenge for cause against him over co-defendant Moore's objection.

> In order to insure impartiality of prospective jurors, the trial court is vested with great latitude in exercising its direction to determine whether an individual juror can decide the case without bias and in accordance with the evidence. Unless there is a manifest abuse of that wide discretion, the determination by the trial court will not be disturbed. Furthermore, while a party is entitled as a matter of right to an array of impartial jurors to which peremptory

---

[6] (Citations and punctuation omitted.) *Howard v. State*, 227 Ga. App. 5, 8 (6) (a) (488 SE2d 489).

[7] *Harper v. State*, 241 Ga. App. 865, 866 (1) (528 SE2d 317).

[8] OCGA § 16-5-21 (a) (2) ("A person commits the offense of aggravated assault when he or she assaults: . . . (2) with a deadly weapon."); *Jackson v. Virginia*, 443 U. S. 307, supra; *Lowery v. State*, 242 Ga. App. 375, 376 (1) (530 SE2d 22).

challenges may be directed, a party is entitled to no more. Having no legal right to a jury which includes those who because of scruple or bias [a party] thinks might favor [its] cause, [a party] suffers no prejudice if jurors, even without sufficient cause, are excused by the judge. Only if a judge without justification overrules a challenge for cause and thus leaves on the panel a juror not impartial, does legal error occur. The entitlement of a party extends only to a fair and impartial jury; the right to reject, not select.[9]

The superior court did not abuse its discretion in striking juror 28 in the cases sub judice.

*Judgments affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MAY 17, 2000 ▮▮▮▮▮▮▮▮▮▮▮

*Andrej S. Bajuk,* for appellant (case no. A00A1396).
*Carla J. Friend,* for appellant (case no. A00A1629).
*J. Tom Morgan, District Attorney, Kristin L. Wood, Maria Murcier-Ashley, Assistant District Attorneys,* for appellee.

---

[9] (Citations and punctuation omitted.) *Loper v. Drury,* 211 Ga. App. 478, 485 (6) (440 SE2d 32), citing *Southern R. Co. v. Minor,* 196 Ga. App. 183, 185 (3) (395 SE2d 845).
[1] *Crumpton v. State,* 240 Ga. App. 422 (523 SE2d 624) (1999).
[2] See, e.g., *Kellibrew v. State,* 239 Ga. App. 783 (1) (521 SE2d 921) (1999).