## S00G1572. WHITE v. THE STATE.
### (546 SE2d 514)

CARLEY, Justice.

A jury found White and his co-defendant guilty of two counts of aggravated assault, and the trial court entered judgments of conviction and sentences on the jury's verdicts. The Court of Appeals affirmed, finding that the trial court did not err in permitting an investigator to testify, over objection, that one of the victims and another eyewitness, who did not testify at trial, identified White and his co-defendant in pre-trial photographic lineups. *White v. State*, 244 Ga. App. 54, 55 (1) (537 SE2d 364) (2000). The Court of Appeals based this ruling on the principle that a law enforcement officer may testify, over a hearsay objection, to a vocal fact of identification witnessed by him. The Court of Appeals additionally stated that, pursuant to OCGA § 24-3-2 and *Momon v. State*, 161 Ga. App. 629, 630 (2) (288 SE2d 767) (1982), this testimony was not hearsay. We granted certiorari to consider both of these holdings. We conclude that the Court of Appeals erred in relying on *Momon v. State*, 161 Ga. App., supra, and that a police officer's testimony that a witness made an identification in a lineup is hearsay and is not automatically admissible as original evidence to explain the officer's conduct. *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982). Furthermore, we clarify and restrict the hearsay exception recognized in *Haralson v.*

*State,* 234 Ga. 406, 408 (4) (216 SE2d 304) (1975): In the absence of some other viable hearsay exception, such as "necessity" or "res gestae," a law enforcement officer may not testify to a pre-trial identification of the accused unless the person who actually made the identification testifies at trial and is subject to cross-examination.

1. The Court of Appeals noted that this Court affirmed *Momon v. State,* 161 Ga. App., supra, but failed to recognize that that affirmance was based entirely on this Court's finding that, although the testimony was inadmissible hearsay, it was "more than highly probable that the error did not contribute to the verdict." *Momon v. State,* 249 Ga., supra at 867. Unlike the Court of Appeals, this Court held that "where the conduct and motives of the actor are not matters concerning which the truth must be found (i.e., are irrelevant to the issues on trial) then the information, etc., on which he or she acted shall not be admissible under" OCGA § 24-3-2. *Momon v. State,* 249 Ga., supra at 867. "[O]nly in rare instances will the 'conduct' of an investigating officer need to be 'explained[.]'" *Teague v. State,* 252 Ga. 534, 536 (1) (314 SE2d 910) (1984). Otherwise, "it is error to permit an investigating officer to testify, under the guise of explaining the officer's conduct, to what other persons related to the officer during the investigation. [Cits.]" *Weems v. State,* 269 Ga. 577, 579 (2) (501 SE2d 806) (1998). The mere circumstance of an officer's initiation and continuation of an investigation, without more, is not a relevant inquiry. *Render v. State,* 267 Ga. 848, 849 (2) (483 SE2d 570) (1997). Because the photographic lineups did not supply the investigator in this case with any new information or generate any relevant conduct on her part which needed to be explained to the jury, the State concedes that it cannot demonstrate how the identifications were admissible as original evidence under OCGA § 24-3-2.

2. Testimony of another's out-of-court identification of the accused "is clearly hearsay." 2 McCormick on Evidence, § 251 (C), p. 119 (5th ed. 1999). See also *Wade v. State,* 208 Ga. App. 700 (1) (431 SE2d 398) (1993). However, "[m]ost jurisdictions now recognize a hearsay exception for statements by a witness identifying a person." 4 Jones on Evidence § 26:46, p. 410 (7th ed. 2000). See also Fed. R. Evid. 801 (d) (1) (C); 2 Wharton's Criminal Evidence § 6:13, p. 136 (15th ed. 1998). This hearsay exception became the majority rule as the result of a trend which developed several decades ago. *Gilbert v. California,* 388 U. S. 263, 272, fn. 3 (IV) (87 SC 1951, 18 LE2d 1178) (1967). This Court has recognized the rule at least since the frequently cited case of *Haralson v. State,* supra, and we have no reasonable grounds for rejecting it now.

Admissibility of the prior identifications has long-standing case law support, often in the older cases without recogni-

tion of the hearsay problem. Justification is found in the unsatisfactory nature of courtroom identification and by the constitutional safeguards that regulate out-of-court identifications arranged by the police.

2 McCormick on Evidence, supra, § 251 (C), p. 119. See also 30B M. Graham, Federal Practice and Procedure: Evidence § 7013, pp. 152-153 (Interim ed. 2000); 4 Wigmore on Evidence § 1130 (Chadbourn rev. 1972).

However, *every* jurisdiction that recognizes the hearsay exception for out-of-court identifications requires that the declarant "must appear, testify and be subject to cross-examination as a witness at the trial at which his prior statement is being offered." 4 Jones on Evidence, supra at § 26:46, p. 410. See also Annot., 29 ALR4th 104, 123, § 8. Where the declarant is absent from the trial,

"there looms a tremendous question as to the reliability of a third-person-witness, the possible inaccuracies of whose testimony cannot be demonstrated by cross-examination. The cross-examiner cannot show that the declarant did not observe accurately, that his powers of perception were inadequate, that his recollection is imperfect, or indeed that he was not telling the truth. Testimony from the relation of a third person to the event, even where the declarant is known, cannot be subjected to such tests. Obviously such testimony is subject to every conceivable hearsay objection."

*Jones v. State*, 300 A2d 424, 426-427 (Md. App. 1973). Indeed, the Supreme Court of the United States has recognized that out-of-court identifications "would traditionally be categorized as hearsay. [Cit.]" *United States v. Owens*, 484 U. S. 554, 560 (II) (108 SC 838, 98 LE2d 951) (1988). Fulfillment of the universal requirement that the declarant testify and be subject to cross-examination avoids the necessity for examining the testimony for indicia of reliability or particularized guarantees of trustworthiness pursuant to the Confrontation Clause. *United States v. Owens*, supra at 560 (II). "In that situation, . . . the traditional protections of the oath, cross-examination, and opportunity for the jury to observe the witness' demeanor satisfy the constitutional requirements. [Cit.]" *United States v. Owens*, supra at 560 (II). Therefore, we hold that testimony of a pre-trial identification of the accused is admissible pursuant to the rule stated in *Haralson* only if the declarant testifies at trial and is available for cross-examination. This rule carries "the admissibility of testimony concerning extrajudicial identifications to its ultimate boundaries. . . ." *Howard v. State*, 241 A2d 192, 194 (Md. App. 1968). Accordingly, we

overrule *Woodard v. State*, 175 Ga. App. 449, 450 (3) (333 SE2d 645) (1985), which applied the hearsay exception for out-of-court identifications even though the declarant did not testify and was not available for cross-examination, as well as two other cases wherein the Court of Appeals followed *Woodard*, but correctly perceived its difficulties, *Neal v. State*, 211 Ga. App. 829, 830 (1) (b) (440 SE2d 717) (1994) and *Wade v. State*, supra at 700 (1). We also overrule *Haralson* and any other decision to the extent that they implicitly conflict with our present holding.

The investigator in this case testified that two persons present at the crime scene "selected" the photograph of White.

> Certainly the hearsay aspect of identification cannot be avoided by eliminating words of identification but permitting evidence of demonstrative identification. Should such evasion of the hearsay rule be countenanced, the door would be open to testimony as to pointing of fingers, shaking of heads, grimaces of joy or disgust, all suggestive of the game of Charades. To permit the [investigator] to testify that the absent witness[es] picked [White's] photograph from a group of photographs is fully as effective as testimony of . . . actual spoken identification[s].

*Jones v. State*, supra at 427. See also 2 McCormick on Evidence, supra at § 250, p. 106; Green, Ga. Law of Evidence § 217, p. 408 (4th ed. 1994). Accordingly, *Montos v. State*, 212 Ga. 764, 767 (6) (95 SE2d 792) (1956) is hereby overruled. Because the two persons who picked White out of a photographic lineup did not testify at the trial, the investigator's testimony thereof was not admissible under the hearsay exception for pre-trial identifications.

3. "The State urges that the testimony was admissible under the necessity exception, but it made no such showing at trial. [Cit.]" *Felder v. State*, 270 Ga. 641, 645 (8) (514 SE2d 416) (1999). Indeed, the prosecutor sought admission of the identification testimony only under *Haralson*, and not under the necessity exception to the hearsay rule. The determination under that hearsay exception of whether the testimony was necessary and accompanied by particular guarantees of trustworthiness is a matter for the trial court's discretion. *Gissendaner v. State*, 272 Ga. 704, 711 (6) (532 SE2d 677) (2000); *Butler v. State*, 270 Ga. 441, 447 (6) (511 SE2d 180) (1999). However, the State did not ask the trial court to exercise that discretion. Moreover, the prosecutor did not begin a diligent search for one of the declarants until the Friday preceding the trial, and then sought a continuance at the beginning of trial based upon the expected availability of that declarant in a few days. The motion for continuance was incon-

sistent with an assertion that the declarant was unavailable. See *Ratcliff v. State*, 237 Ga. 496, 497 (228 SE2d 879) (1976); *Atwater v. State*, 233 Ga. App. 339, 343 (5) (503 SE2d 919) (1998). The prosecutor also admitted that he did not attempt to contact the other declarant, who had called in sick the previous day. "[T]o meet the necessity exception, 'the State must show . . . that the declarant is unavailable to testify and that it made reasonable efforts to locate the declarant and secure (his) presence. (Cits.)' [Cit.]" *Holmes v. State*, 271 Ga. 138, 139 (2) (516 SE2d 61) (1999). See also *Walton v. State*, 272 Ga. 73, 74 (3) (526 SE2d 333) (2000) (citing *Holmes* for the proposition that the "test of unavailability or inaccessibility is same for both necessity exception and prior testimony exception to hearsay rule"). Therefore, the State could not have shown, even if it had attempted to do so, that the identification testimony met the requirements of the necessity exception. See *Rosser v. State*, 211 Ga. App. 402, 405-406 (1) (439 SE2d 72) (1993), overruled on other grounds, *Livingston v. State*, 268 Ga. 205, 209 (1) (486 SE2d 845) (1997). Compare *Holmes v. State*, supra at 140 (2).

4. "The erroneous admission of hearsay is harmless where . . . legally admissible evidence of the same fact is introduced. [Cit.]" *Felder v. State*, supra at 646 (8). "The admission of hearsay identification evidence . . . is harmless error where such evidence is merely cumulative or supported by a positive identification and other corroborative circumstances. [Cits.]" *People v. Miles*, 531 NE2d 891, 894 (Ill. App. 1988). There was strong eyewitness testimony in this case. The victim who was present at trial had known White and his co-defendant for many years and identified both of them with certainty in the hospital and during his testimony. The other victim gave a res gestae statement identifying the co-defendant, which was properly admitted at trial. The physical evidence corroborated the fact that two persons participated in the shooting. White and his co-defendant are brothers. Their alibi defense, through the testimony of their mother, was unusually weak and extensively contradicted. Accordingly, we expressly reject the Court of Appeals' analysis finding the officer's testimony not to be inadmissible hearsay, but we affirm the conviction because the erroneous admission of the cumulative hearsay identification testimony was harmless. *Holmes v. State*, supra at 141 (2); *Anderson v. State*, 206 Ga. App. 354, 355 (1) (426 SE2d 6) (1992).

*Judgments affirmed. All the Justices concur.*

DECIDED MAY 7, 2001.

*Gerald B. Kleinrock, Andrej S. Bajuk*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Kristen L. Wood, Thomas S. Clegg, Assistant District Attorneys*, for appellee.