## A03A1360. WILKINS v. THE STATE.
(583 SE2d 905)

BLACKBURN, Presiding Judge.

Following a jury trial, Jerome Wilkins appeals his conviction for armed robbery, contending that the trial court erred by: (1) denying his motion for mistrial based on juror misconduct; (2) denying his motion for mistrial based on the introduction of character evidence; (3) denying his motion for mistrial based on alleged prosecutorial misconduct; and (4) refusing to permit a defense witness to testify that he was misidentified by police as Wilkins. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that, on April 10, 2001, Wilkins entered a Flash Foods convenience store in Ware County, threatened the store clerk with a box cutter, forced her to open the cash register, took the money, and fled. Wilkins was identified from the store videotape by several police officers who knew him, and was identified by the clerk from a photograph shown to her. The videotape was shown to the jury at trial.

1. Wilkins argues that the trial court erred by denying his motion for mistrial after three jurors were overheard discussing a recent Flash Foods robbery where the perpetrator was also caught on videotape. The jurors had been impaneled but not yet sworn. Defense counsel brought this situation to the court's attention and moved for a mistrial, which the court denied after a hearing.

We first note that a motion for mistrial was premature because the alleged juror misconduct occurred before the jury had been sworn and therefore the trial had not begun. *Hughey v. State.*[1] The proper

---

[3] *Bold Corp. v. Nat. Union Fire Ins. Co. &c.*, 216 Ga. App. 382, 384 (1) (454 SE2d 582) (1995).

[1] *Hughey v. State*, 180 Ga. App. 375, 377 (2) (348 SE2d 901) (1986).

motion was for the removal and replacement of the individual jurors. Id. The decision to grant a mistrial or remove a juror lies within the sound discretion of the trial court, and its ruling will not be disturbed absent an abuse of that discretion. *Pinkins v. State*;[2] *Shelnutt v. State*.[3]

When juror misconduct is alleged, the trial court must determine first whether juror misconduct occurred and then whether the juror is qualified to continue on the case by holding a hearing under OCGA § 15-12-167. *White v. State*.[4] When misconduct is shown, prejudice is presumed and the State has the burden of proving beyond a reasonable doubt that no harm occurred, or the juror should be removed. *Fulcher v. State*.[5] However, to reverse a conviction, "the misconduct must have been so prejudicial that the verdict is deemed inherently lacking in due process. Furthermore, where the substance of the communication is established without contradiction, the facts themselves may establish the lack of prejudice or harm to the defendant." (Punctuation omitted.) Id.

Here, the trial judge properly questioned the bailiff and jurors under oath. The evidence was uncontradicted that the jurors were not discussing the case for which they had been impaneled and that they were unaware of the facts of the current case. Each juror testified that he or she could render a fair, unbiased decision based solely on the evidence presented to them. The court then ruled them qualified to serve, and the trial commenced with the original jury intact. Given these facts, we cannot conclude that the court abused its discretion in not removing the jurors, or that Wilkins was denied due process or a fair trial such that reversal is required. See *Brannan v. State*[6] (jurors' general discussion of the death penalty did not involve deliberation or any discussion of the merits of the current case and was harmless beyond a reasonable doubt).

2. Wilkins contends that the police officer's testimony prejudiced Wilkins by placing his character into evidence when the defendant had not done so, and that a mistrial was the only viable remedy.

Officer Larry Hill testified that he recognized Wilkins in the video because he knew Wilkins and "worked seven years at the police department, and . . . had contact with him over twenty times." Wilkins objected on the ground that his character had been placed in evidence and moved for a mistrial. The trial court denied Wilkins's motion, but warned the prosecutor not to let his witness "interject

---

[2] *Pinkins v. State*, 243 Ga. App. 737, 741 (534 SE2d 192) (2000).

[3] *Shelnutt v. State*, 255 Ga. App. 157, 158 (564 SE2d 774) (2002).

[4] *White v. State*, 154 Ga. App. 527 (268 SE2d 790) (1980).

[5] *Fulcher v. State*, 259 Ga. App. 648, 651 (578 SE2d 264) (2003).

[6] *Brannan v. State*, 275 Ga. 70, 78 (561 SE2d 414) (2002).

character," that he was "on thin ice," and that he would not hesitate to grant a mistrial if necessary. Wilkins did not request additional relief or renew his objection.

By failing to renew his objection following the judge's cautionary instructions to the prosecutor, Wilkins has waived this issue on appeal. "Where a defendant objects and moves for a mistrial during the examination of a witness, and the trial court denies the motion but takes some corrective action, if the defendant is dissatisfied with that action, he must renew the objection or motion; otherwise, the issue is waived." *Frazier v. State.*[7]

3. Wilkins contends that the trial court erred in failing to grant a mistrial based on prosecutorial misconduct. Wilkins claims a potential defense witness, Alfonso Taylor, would have offered exculpatory testimony that he was misidentified by police as Wilkins, but that Knox, the prosecutor, "scared" him into invoking his Fifth Amendment privilege against self-incrimination by threatening to prosecute him for the crime. "A charge of prosecutorial misconduct is a serious charge and is not to be lightly made; having raised it, appellant has the duty to prove it by the record and by legal authority." *Meredith v. State.*[8] Wilkins has failed to meet this burden.

Wilkins proffered Taylor's testimony both in support of his own motion for mistrial and in response to the State's motion to exclude Taylor's testimony on hearsay and relevancy grounds. Taylor testified that he was misidentified and arrested by two police officers while walking down the street, but that he did not know who the officers were. Taylor also testified that Knox interviewed him the evening before trial at the jail, where Taylor was incarcerated on a probation violation, and was told he looked like Wilkins and asked if he was going to "take this charge." On cross-examination, Taylor initially refused to answer questions about the interview, but eventually admitted he was "taking the Fifth" on the advice of his attorney because of his own legal problems, not because Knox pressured him or told him to. Knox explained that he questioned Taylor because Taylor was on the defense witness list, and that he specifically told Taylor he would *not* prosecute him for the robbery. The trial court denied the motion for mistrial and excluded the testimony.

A careful review of the exchange between Taylor, the attorneys, and the court shows that there is no evidence the prosecution intimidated Taylor in the manner suggested by Wilkins. Taylor admitted that his refusal to answer questions was based on self-interest, not coercion. Furthermore, we note that Taylor's invocation of his Fifth

---

[7] *Frazier v. State*, 247 Ga. App. 500, 501-502 (544 SE2d 198) (2001).
[8] *Meredith v. State*, 211 Ga. App. 213, 215 (438 SE2d 644) (1993).

Amendment rights came in response to questions about his interview with Knox, not his misidentification by the police. The trial court was also authorized to find that Taylor's failure to name and produce the officers who misidentified him, which contributed to the court's exclusion of Taylor's testimony, was not the result of intimidation. As there was no evidence of prosecutorial misconduct, the trial court did not abuse its discretion in denying the motion for mistrial.

4. Wilkins contends that the trial court erred in granting the State's motion to exclude Taylor's proffered testimony on the basis that it was inadmissible hearsay and irrelevant. "It is well settled that the admission of evidence is a matter which rests largely within the sound discretion of the trial judge." *Ragan v. State*.[9] We find that the court did not abuse its discretion because, although the evidence was not hearsay, it was irrelevant to any material issue at trial.

"Testimony is considered hearsay only if the witness is repeating another's statement in order to demonstrate its truth. Otherwise it is a verbal act and thus original evidence rather than hearsay." (Punctuation omitted.) *Lloyd v. State*.[10] "Evidence is hearsay when . . . the proponent's use of the evidence essentially asks the jury to assume that the out-of-court declarant was not lying or mistaken when the statement was made." *Conley v. State*.[11] Assuming Taylor would have testified that the police officers thought he was Wilkins, this evidence obviously was not offered to demonstrate that Taylor was Wilkins, and it clearly asked the jury to assume that the police *were* mistaken.[12] The testimony was not hearsay.

However, this evidence was not probative of any material fact at issue in the trial, and the trial court did not err in excluding the evidence on the basis that it was irrelevant. "[T]he trial court has a wide discretion in determining what evidence is relevant and material," *Clemons v. State*,[13] and its determination will not be disturbed on appeal absent an abuse of that discretion. *Armstead v. State*.[14]

In *Sorrells v. State*,[15] we affirmed the trial court's refusal to admit the testimony of a deputy sheriff that a State's witness misidentified a defendant in an unrelated criminal prosecution, noting

---

[9] *Ragan v. State*, 250 Ga. App. 89, 91 (2) (550 SE2d 476) (2001).

[10] *Lloyd v. State*, 259 Ga. App. 636, 639 (577 SE2d 854) (2003).

[11] *Conley v. State*, 257 Ga. App. 563, 564 (1) (571 SE2d 554) (2002).

[12] The State's argument that "testimony of a pre-trial identification of the accused is admissible . . . only if the declarant testifies at trial and is available for cross-examination," *White v. State*, 273 Ga. 787, 789 (546 SE2d 514) (2001), is inapposite. Here, the identification is of someone *other* than the accused *as* the accused. Unlike the present situation, testimony of an out-of-court identification of the accused is hearsay because it is offered for the truth of the matter asserted.

[13] *Clemons v. State*, 257 Ga. App. 96, 103 (3) (574 SE2d 535) (2002).

[14] *Armstead v. State*, 255 Ga. App. 385, 389 (565 SE2d 579) (2002).

[15] *Sorrells v. State*, 218 Ga. App. 413 (461 SE2d 904) (1995).

that "generally the best method of attacking the credibility of an eye-witness' identification is by cross-examination. The memory of a witness may not be disparaged by other witnesses in order to impeach that testimony; it must be done by cross-examination of the witness whose recollection is attacked." (Punctuation omitted.) Id. at 415 (3). See *Whitaker v. State*[16] (testimony that defendant and another person looked alike properly excluded); *Warren v. State*[17] (resemblance of defendant to suspect in a different crime does not make misidentification an issue when defendant was positively identified by the victim).

Likewise here, evidence that unidentified police officers mistook an unrelated individual for Wilkins cannot be used to impeach the identification of Wilkins himself by two other police officers and the victim, all of whom were available to be cross-examined. In the face of direct identification testimony by these three individuals, coupled with a videotape of the crime and absent any evidence that Taylor committed the crime, it cannot be said that such evidence has any probative value, and the trial court did not err in excluding it.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED JUNE 20, 2003.

*McGee & McGee, James B. McGee III*, for appellant.
*Richard E. Currie, District Attorney, Allen R. Knox, Assistant District Attorney*, for appellee.

---

[16] *Whitaker v. State*, 275 Ga. 521, 523-524 (570 SE2d 317) (2002).
[17] *Warren v. State*, 158 Ga. App. 533 (281 SE2d 291) (1981).