S03G0587. IN THE INTEREST OF L.J.P., a child.
(587 SE2d 15)

CARLEY, Justice.

The Juvenile Court adjudicated L.J.P. delinquent by reason of his commission of attempted armed robbery and aggravated assault. At the delinquency hearing, Officer Duggan testified regarding what the victim told him during a pre-hearing identification of L.J.P. The victim testified at the hearing as well, but was unable to identify L.J.P. at that time. In the Court of Appeals, L.J.P. argued, in support of his contention that the evidence was insufficient, that Officer Duggan's testimony as to the victim's pre-trial identification was not admissible pursuant to the hearsay exception recognized in *White v. State*, 273 Ga. 787, 788 (2) (546 SE2d 514) (2001). The Court of Appeals did not expressly address this hearsay issue, but affirmed, holding that the evidence was sufficient and that the victim's one-on-one identification of L.J.P. immediately after the incident was not impermissibly suggestive. *In the Interest of L.J.P.*, 258 Ga. App. 762, 764 (1), 766 (2) (b) (574 SE2d 839) (2002). We granted certiorari to address whether the police officer's testimony regarding the victim's pre-hearing identification of L.J.P. was inadmissible hearsay in light of the victim's subsequent inability to identify him as the assailant and the absence of any actual cross-examination of the victim. Because the hearsay exception set forth in *White* continues to apply even in these circumstances, we affirm the judgment of the Court of Appeals.

It is well-settled that, although hearsay, a witness' testimony regarding another person's out-of-court identification of the accused may be admissible. *White v. State*, supra at 788 (2). " 'Justification is found in the unsatisfactory nature of courtroom identification and

[in] the constitutional safeguards that regulate out-of-court identifications arranged by the police.' [Cits.]" *White v. State*, supra at 789 (2). In recognizing this hearsay exception, *White* simply imposed the universally accepted requirement that the declarant testify and *be available* for cross-examination. Nothing in *White* requires that the declarant corroborate the identification or actually be cross-examined about it.

In an opinion on which we heavily relied in *White*, the Supreme Court of the United States held that neither the Confrontation Clause nor the Federal Rules of Evidence are "violated by admission of an identification statement of a witness who is unable, because of a memory loss, to testify concerning the basis for the identification." *United States v. Owens*, 484 U. S. 554, 564 (III) (108 SC 838, 98 LE2d 951) (1988).

> "(T)he Confrontation Clause guarantees only 'an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defendant might wish.'" [Cits.] . . . It is sufficient that the defendant has the opportunity to bring out such matters as the witness' bias, his lack of care and attentiveness, his poor eyesight, and even (what is often a prime objective of cross-examination, [cit.]) the very fact that he has a bad memory. (Emphasis in original.)

*United States v. Owens*, supra at 559 (II). "Ordinarily a witness is regarded as 'subject to cross-examination' [where, as here,] he is placed on the stand, under oath, and responds willingly to questions." *United States v. Owens*, supra at 561 (III). Meaningful cross-examination is not eliminated "by the witness' assertion of memory loss – which, as discussed earlier, is often the very result sought to be produced by cross-examination, and can be effective in destroying the force of the prior statement." *United States v. Owens*, supra at 562 (III).

In the great majority of state jurisdictions which recognize the hearsay exception for out-of-court identifications, the testimony of a third person concerning an extrajudicial identification of an accused is admissible as substantive evidence even where the declarant is unable to make an in-court identification when called upon to do so. Such evidence is also admissible where the declarant testifies, but is not asked to make an in-court identification. Annot., 29 ALR4th 104, §§ 5-7 (1984 & Supp.).

> "'Evidence of an extrajudicial identification is admissible, not only to corroborate an identification made at the trial

(citing cases), but as independent evidence of identity. Unlike other testimony that cannot be corroborated by proof of prior consistent statements unless it is first impeached (citing cases), evidence of an extrajudicial identification is admitted regardless of whether the testimonial identification is impeached, because the earlier identification has greater probative value than an identification made in the courtroom after the suggestions of others and the circumstances of the trial may have intervened to create a fancied recognition in the witness' mind. (Citing cases.) The failure of the witness to repeat the extrajudicial identification in court does not destroy its probative value, for such failure may be explained by loss of memory or other circumstances. The extrajudicial identification tends to connect the defendant with the crime, and the principal danger of admitting hearsay evidence is not present since the witness is available at the trial for cross-examination (citing cases).' " [Cit.]

*State v. Fennell*, 489 P2d 964, 966 (1) (Or. App. 1971) (quoting *People v. Gould*, 354 P2d 865, 867 (Cal. 1960)).

The fact that the victim was excused as a witness before his prehearing statements were offered through Officer Duggan's testimony does not in any way require their exclusion. "The witness was physically present in court and the defense counsel had the opportunity to cross-examine him regarding his extra-judicial identification and did not seek to recall him to the stand." *State v. Jackson*, 535 P2d 35, 37 (Ariz. App. 1975). Furthermore, L.J.P.'s contention that cross-examination would have been fruitless or even constituted ineffective assistance of counsel is without merit. The identifying witness' inability to make any type of in-court identification at the time of trial "does not mean that the witness could not have been effectively questioned as to the circumstances surrounding his prior extra-judicial identification." *State v. Jackson*, supra at 37. Moreover, to the extent that direct examination demonstrated the victim's inability to identify L.J.P. at the hearing, it benefitted the defense and rendered cross-examination regarding the pre-hearing identification either unnecessary or more likely to be successful.

Accordingly, we hold that constitutional safeguards regarding pre-trial identifications, their greater probative value than in-court identifications, and the absolute requirement of availability for cross-examination effectively remove the potential hearsay danger of testimony as to out-of-court identifications and, thus, warrant a hearsay exception for such testimony regardless of whether the declarant identifies the accused in court.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2003.

*James A. Yancey, Jr.,* for appellant.
*Stephen D. Kelley, District Attorney, W. Franklin Aspinwall, Jr., Assistant District Attorney,* for appellee.