## S07A0826. HALL v. THE STATE.
(647 SE2d 585)

THOMPSON, Justice.

Defendant DeAngelo Rodrell Hall was convicted of felony murder, aggravated assault, and possession of a weapon during the commission of a crime.[1] On appeal, Hall challenges the admissibility

---

[1] Hall was indicted on August 11, 2004, and charged with two counts of aggravated assault

of testimony regarding a witness' out-of-court identification, as well as the sufficiency of the evidence. Finding no error, we affirm.

1. An appellate court has a duty to question its jurisdiction in any case in which its jurisdiction is in doubt. *Livingston v. State*, 221 Ga. App. 563 (1) (472 SE2d 317) (1996). In this case, Hall filed a timely notice of appeal after he was sentenced. The next day, while still within the appropriate time period, Hall filed a timely motion for new trial. Under these circumstances, Hall should have filed a request to stay the appeal until such time as the trial court ruled upon the new trial motion. *Shirley v. State*, 188 Ga. App. 357 (373 SE2d 257) (1988). That he did not do so does not render this appeal jurisdictionally defective. We treat the notice of appeal as being premature but effectively filed upon entry of the order denying the motion for new trial. *Livingston v. State*, supra at 564; *Shirley*, supra; *Atkinson v. State*, 170 Ga. App. 260 (316 SE2d 592) (1984).

2. Two men approached three Hispanic men, Hugo Chavez, Jesus Perez Soto and Antonio Ibarra Amador in 2001. One of the two assailants brandished a pistol, demanded money and pistol whipped Chavez. Following a struggle, the assailants fled. Nine months later, in 2002, two men approached Soto and Apolinar Escorza Dimas. Again, one of the two men brandished a pistol. However, this time, when Soto reached for the gun, the assailant fired, hitting and killing Dimas.

At trial, Chavez and Amador testified that Hall was the assailant who hit Chavez with the pistol in 2001. Soto was unable to identify Hall in court as the assailant. He testified, however, that the same man who assaulted Chavez in 2001, shot and killed Dimas in 2002.[2]

---

and possession of a weapon during the commission of a crime in connection with an assault upon Hugo Chavez on December 28, 2001; multiple counts of aggravated assault and possession of a weapon during the commission of a crime in connection with an assault upon Agusto Dimas Lopez, Jesus Perez Soto, and Apolinar Escorza Dimas on September 15, 2002; and malice murder and felony murder in connection with the shooting death of Apolinar Escorza Dimas on September 15, 2002. Trial commenced on January 23, 2006. The jury returned its verdict on January 26, 2006, finding Hall guilty of the crimes committed against Hugo Chavez, the aggravated assault and felony murder of Apolinar Escorza Dimas, the aggravated assault upon Jesus Perez Soto, and weapons charges with regard to the crimes committed against Apolinar Escorza Dimas and Jesus Perez Soto. Hall was found not guilty of malice murder and the charges pertaining to Agusto Dimas Lopez. On February 14, 2006, the trial court sentenced Hall to life in prison for felony murder, ten years for the aggravated assault of Hugo Chavez, ten years for the aggravated assault of Jesus Perez Soto, and five years (consecutive) for the weapons possession charges. Hall filed a notice of appeal on March 14, 2006, followed by a motion for new trial on March 15. The motion for new trial was denied on January 12, 2007. The case was docketed in this Court on February 20, 2007, and submitted for decision on briefs on April 16, 2007.

[2] Hall lived within 150 feet of the scene of the murder. At the time of the crimes, Hall wore his hair in "twister braids . . . a very distinct hairstyle." At trial, he had a short haircut.

A police detective testified that Soto picked Hall's photograph out of a photographic lineup after the shooting. The detective did not specify whether Soto identified Hall as the assailant in the 2001 or the 2002 crimes.

Hall asserts the trial court erred in permitting the detective to testify that Soto identified Hall's photograph out-of-court. In this regard, he points out that Soto was unable to identify Hall at trial, that he was not questioned about his out-of-court identification, and that he was excused as a witness before the detective testified.

The trial court did not err in admitting the detective's testimony.

Evidence of an extrajudicial identification is admissible, not only to corroborate an identification made at the trial, but as independent evidence of identity. Unlike other testimony that cannot be corroborated by proof of prior consistent statements unless it is first impeached, evidence of an extrajudicial identification is admitted regardless of whether the testimonial identification is impeached, because the earlier identification has greater probative value than an identification made in the courtroom after the suggestions of others and the circumstances of the trial may have intervened to create a fancied recognition in the witness' mind. The failure of the witness to repeat the extrajudicial identification in court does not destroy its probative value, for such failure may be explained by loss of memory or other circumstances. The extrajudicial identification tends to connect the defendant with the crime, and the principal danger of admitting hearsay evidence is not present since the witness is available at the trial for cross-examination. The fact that the victim was excused as a witness before his prehearing statements were offered through [a police officer's] testimony does not in any way require their exclusion.

(Citations and punctuation omitted.) *In the Interest of L. J. P.*, 277 Ga. 135, 136-137 (587 SE2d 15) (2003).

3. The State presented eyewitness testimony showing that Hall committed the 2001 crimes; and that the assailant who committed the 2001 crimes, i.e., Hall, committed the 2002 crimes. It also introduced similar crime evidence showing that in 2003 Hall assaulted Hispanic men with a pistol, demanded money, and fled.[3]

---

[3] Hall pled guilty to that crime.

The evidence was sufficient to enable any rational trier of fact to find Hall guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

> We do not determine the credibility of eyewitness identification testimony. Rather the determination of a witness' credibility, including the accuracy of eyewitness identification, is within the exclusive province of the jury. Moreover, on appeal, we must view the evidence in the light most favorable to the verdict; the appellant no longer enjoys the presumption of innocence; and, rather than weighing the evidence or determining the credibility of witnesses, this court determines evidentiary sufficiency.

(Citations and punctuation omitted.) *Jones v. State*, 214 Ga. App. 788, 789 (449 SE2d 330) (1994).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 13, 2007.

*Stanley W. Schoolcraft III*, for appellant.

*Jewel C. Scott, District Attorney, Billy A. Dixon, Assistant District Attorney, Thurbert E. Baker, Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.