## A08A0668. MELENDEZ v. THE STATE.
(662 SE2d 183)

PHIPPS, Judge.

On appeal from his conviction for armed robbery, Francisco Melendez argues that the evidence was insufficient and that the trial court erred when it admitted a hearsay statement from an unavailable co-defendant. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence.[1] We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

So viewed, the record shows that on the afternoon of December 9, 2005, Melendez and another man entered a store in Calhoun. Melendez, who was wearing a blue hooded sweatshirt, approached the cashier and demanded money. Melendez then took out a silver-topped gun and held it to the cashier's ribs, telling him to put his

---

[6] (Citations, punctuation and footnote omitted.) *Howe & Assoc. v. Daniels*, 280 Ga. 803, 804 (631 SE2d 356) (2006).

[1] *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004).

[2] Id.; *Jackson v. Virginia*, 443 U. S. 307, 320 (99 SC 2781, 61 LE2d 560) (1979).

head down, not to look at him, and to give him money from the register. The cashier handed over approximately $2,000. After demanding and receiving a red BB&T bank bag, Melendez left the store. The owner's wife, who was working at the time, saw Melendez leaving the store with the bag and noticed that he had acne on his face.

Acting on a tip, police obtained a warrant to search Melendez's apartment, where they found a BB&T bag and a loaded handgun in his bedroom. Police also found photographs of Melendez with acne scars and wearing a blue hooded sweatshirt with a silver and black handgun resting on a chair behind him. The cashier identified Melendez in a pretrial photographic lineup and identified him, the gun, and the bank bag at trial. A jury found Melendez guilty of armed robbery but acquitted him of possession of a firearm during the commission of a felony.

1. The evidence outlined above was sufficient to sustain Melendez's conviction for armed robbery.[3]

2. Melendez argues that the trial court abused its discretion when it allowed officers to testify that an unavailable co-defendant had identified Melendez as "Paco," and that the trial court also abused its discretion when it denied Melendez's resulting motion for mistrial. We disagree.

Before trial, the state moved in limine to exclude any reference to the co-defendant's statements, and the trial court granted the motion. On direct examination, however, a police officer testified that he had obtained a search warrant for a particular address as a result of a conversation with the co-defendant and that the co-defendant had referred to Melendez as "Paco."

"[A] law enforcement officer may not testify to a pre-trial identification of the accused unless the person who actually made the identification testifies at trial and is subject to cross-examination."[4] But "[t]estimony is considered hearsay only if the witness is repeating another's statement in order to demonstrate its truth. Otherwise it is a verbal act and thus original evidence rather than hearsay."[5] Even if the police officers' temporary designation of Melendez as "Paco" was hearsay, it did not amount to a pretrial identification of Melendez as the perpetrator of the crime charged.[6] Instead, the

---

[3] See OCGA § 16-8-41 (a) (defining armed robbery); *Grant v. State*, 289 Ga. App. 230, 234 (3) (b) (656 SE2d 873) (2008).

[4] *White v. State*, 273 Ga. 787, 788 (546 SE2d 514) (2001).

[5] *Wilkins v. State*, 261 Ga. App. 856, 859 (4) (583 SE2d 905) (2003) (citation and punctuation omitted).

[6] See id. at 859-860 (4) (testimony that police officers thought that defendant Taylor was someone else was not hearsay because it "was not offered to demonstrate that Taylor was [the

testimony merely established that the officer had believed that a person known as "Paco" lived at an address where the officer had decided to conduct a search. As such, the evidence could not have been prejudicial, and the trial court did not abuse its discretion in admitting it or in denying Melendez's motion for mistrial.[7]

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED MAY 2, 2008.

*Christopher G. Paul*, for appellant.

*T. Joseph Campbell, District Attorney, Suzanne Z. Brookshire, Assistant District Attorney*, for appellee.

---

other person], and it clearly asked the jury to assume that the police *were* mistaken") (emphasis in original).

[7] Id.; compare *White*, supra at 788-791 (admission of testimony concerning unavailable witnesses' pretrial identification of defendant in photographic lineup was error, though harmless).