A08A1570. YISRAEL v. THE STATE.
(668 SE2d 849)

JOHNSON, Presiding Judge.

A jury convicted Abdiyel Yisrael of armed robbery,[1] possession of a weapon during the commission of a crime,[2] and possession of marijuana.[3] Yisrael appeals, alleging that the evidence was insufficient to support the jury's verdict and that the trial court erred in charging the jury regarding eyewitness identification. We discern no reversible error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[4] So viewed, the record shows

---

[9] (Punctuation and footnote omitted.) Id. at 524 (1).
[1] OCGA § 16-8-41.
[2] OCGA § 16-11-106.
[3] OCGA § 16-13-30.
[4] *Melendez v. State*, 291 Ga. App. 402 (662 SE2d 183) (2008).

that on July 19, 2004, an African-American man wearing a gray hooded sweatshirt and wielding a pistol robbed the Dairy Queen in Statesboro. The man appeared to be wearing a blond wig and was carrying a black purse or bag. He pointed his pistol at a Dairy Queen employee, demanded and received money from her, and fled across the street in the direction of the Summit Apartments.

Just prior to the robbery, two residents of the Summit Apartments were about to enter the apartment elevator when they noticed an African-American man on the elevator wearing a gray hooded sweatshirt and blond wig and carrying a black purse. The women were initially startled, but the man laughed and said, "Y'all know me. . . . I'm Pam's friend." The women realized that they knew the man as "Yisrael" and that he was a friend of Pamela Raymond, who often stayed at the Apartments with her aunt. Shortly after the women got off the elevator, one of them was looking out of the window when she saw Yisrael running toward the apartments from the direction of the Dairy Queen.

On July 21, 2004, police officers received a call from Raymond's aunt, who invited them to her apartment. At that time, she gave the police a blond wig and black purse that belonged to her, and they began a search for Yisrael and Raymond. Police officers subsequently arrested Yisrael and Raymond at a hotel in Statesboro. After Yisrael was arrested, a small bag of marijuana was seized from his pants' pocket.

1. Yisrael alleges that the evidence presented by the state was insufficient as a matter of law to support his convictions because "no witness to the actual robbery was ever able to identify [him] as the perpetrator." We disagree.

Yisrael identified himself to the two women at the Summit Apartments just prior to the robbery, and one of them saw Yisrael running from the Dairy Queen back to the apartments shortly thereafter. In addition, the women at the apartments and the robbery victim all testified that the man they saw wore a hooded gray sweatshirt (despite it being the middle of summer in Statesboro) and had a blond wig and black purse. The women and the robbery victim also identified the wig and purse obtained by police as those belonging to the man they described. Such evidence was more than ample to identify Yisrael as the perpetrator.[5]

2. Yisrael also claims that the trial court erred in charging the jury regarding eyewitness identification. However, the portion of the eyewitness identification charge given by the trial court, which Yisrael now challenges, was identical to the charge he requested.

[5] See *Junior v. State*, 282 Ga. 689 (1) (653 SE2d 481) (2007).

"The act of requesting an instruction in the trial court constitutes a specific waiver of the right to enumerate it as error on appeal."[6] Because Yisrael induced any error related to the trial court's charge on eyewitness identification, this enumeration furnishes no ground for reversal.

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 23, 2008.

*Caleb B. Banks, Robert L. Persse*, for appellant.

*Richard A. Mallard, District Attorney, Michael T. Muldrew, Assistant District Attorney*, for appellee.

---

[6] (Citation omitted.) *DeLoach v. State*, 272 Ga. 890, 892 (2) (536 SE2d 153) (2000).