## A10A1369. JONES v. THE STATE.
(699 SE2d 55)

JOHNSON, Judge.

Following a jury trial, Claude Steven Jones, Jr., was convicted of aggravated assault, burglary, and possession of a firearm during the commission of a felony. Jones appeals, claiming that the trial court erred in (i) admitting an unedited videotape of his post-arrest statement to police, (ii) preventing his trial counsel from making a proper argument in closing, and (iii) denying his motion for new trial based upon alleged ineffective assistance of counsel. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[1] We do not weigh the evidence or determine the credibility of witnesses, but only determine if the

---

[1] *Hall v. State*, 282 Ga. 294, 297 (3) (647 SE2d 585) (2007).

evidence is sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt.[2]

So viewed, the evidence shows that shortly after midnight on July 10, 2006, Jones broke several windows of the house being shared by his estranged wife and her friend Billy Bromell. After Bromell confronted him, Jones fled.

A few hours later, at approximately 5:30 a.m., Bromell walked out of the residence and saw Jones approaching him with a firearm. Bromell testified that Jones shot him several times, and that after he retreated into the house, Jones pursued him and continued shooting. Shortly thereafter, neighbors saw a man run out of Bromell's house and toward the woods at the end of their street.

Police were summoned to the scene, and a "be on the lookout" was issued on Jones' gold Lexus, possibly traveling southbound on State Route 124 in Snellville. A police officer positioned himself in a parking lot off that road to monitor southbound traffic. Soon thereafter, the officer observed a gold Lexus, which was driven by Jones, traveling at a high rate of speed. Jones led the officer on a high speed chase, which ended when Jones crashed his Lexus into a brick sign.

1. Jones first claims that the trial court erred in denying his request to exclude a portion of the videotape of his post-arrest interview. Jones asserts that during the first 30 seconds of the videotape, he could be seen picking his nose and belching. During the *Jackson-Denno* hearing,[3] the trial court determined that Jones' behavior at the beginning of the tape served as evidence of his demeanor immediately prior to the interview and that it could be considered in deciding whether Jones' custodial statement was voluntarily given.[4]

Jones asserts that the probative value of the beginning of the videotape was substantially outweighed by the danger of unfair prejudice.[5] However, he has not included a copy of the videotape in the appellate record, and he has failed to show how his trial was prejudiced by the admission of the unedited videotape. "It is axiomatic that harm as well as error must be shown to authorize a reversal by this court. Accordingly, we find no grounds for reversal based on this enumeration."[6]

2. Jones also claims that the trial court erred in preventing his trial counsel from commenting, during closing argument, on the

---

[2] Id.

[3] See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[4] See *Singleton v. State*, 195 Ga. App. 119, 121-122 (2) (393 SE2d 6) (1990).

[5] See *Palmer v. State*, 186 Ga. App. 892, 899 (3) (369 SE2d 38) (1988).

[6] (Citation and punctuation omitted.) *Dupree v. State*, 267 Ga. App. 561, 564 (2) (600 SE2d 654) (2004).

state's failure to call his estranged wife as a witness. A review of the record, however, shows that the state merely objected to the implication that Jones did not have an equal opportunity to subpoena witnesses.

Following the state's objection, Jones' trial counsel acknowledged that he could have called Jones' wife as a witness and explained that he did not do so because she had "a history of fabricating falsehoods" about Jones. Trial counsel was able to argue that Jones' wife told those lies because she wanted Jones "out of the picture"; she did not want him to be able to testify against her nephew, who was charged with molesting their son; and she wanted custody of their children. Trial counsel was also able to suggest that the jurors consider why the state failed to call Jones' wife as a witness. Because the trial court permitted Jones to comment upon the state's failure to call his wife, as contemplated by *Morgan v. State*,[7] this enumeration is without merit.

3. There is also no merit to Jones' claim that he received ineffective assistance of counsel. Generally, the burden is on the defendant claiming ineffectiveness of counsel to establish (i) his attorney's representation in specified instances fell below "an objective standard of reasonableness" and (ii) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[8] If an appellant fails to meet his burden of proving either of these requirements, the reviewing court does not have to examine the other requirement.[9] In reviewing the trial court's decision, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[10]

Here, one of Jones' friends testified at the motion for new trial hearing. The friend claimed that during the summer of 2006, he and Jones usually ran together approximately three mornings per week, generally starting between 5:00 and 5:30 a.m. and finishing approximately thirty-five to sixty minutes later. However, the friend acknowledged that he would not have been able to testify that he ran with Jones on the morning of the incident.

Jones' trial counsel recalled interviewing Jones' running partner and concluding that his testimony would not be helpful to Jones'

---

[7] 267 Ga. 203, 205-207 (3) (476 SE2d 747) (1996) (defense counsel may comment upon the state's failure to present a witness provided that there is competent evidence before the jury that the missing witness has knowledge of material and relevant facts).

[8] (Citation and punctuation omitted.) *Williams v. State*, 258 Ga. 281, 286 (7) (368 SE2d 742) (1988); see also *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984).

[9] *Lupoe v. State*, 284 Ga. 576, 578 (3) (669 SE2d 133) (2008).

[10] (Citation and punctuation omitted.) Id.

defense. Even if such testimony would have provided some marginal benefit, Jones has failed to establish a reasonable probability that the results of the trial would have been different had his friend testified regarding their general running schedule.[11] As a result, the trial court did not err in denying Jones' motion for new trial based on his claim of ineffective assistance of counsel.

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

### DECIDED JULY 8, 2010.

*Edwin J. Wilson*, for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.

---

[11] See *Brown v. State*, 251 Ga. 598, 600 (3) (308 SE2d 182) (1983).